## LOUIS BACCIO, Plaintiff in Error, v. THE PEOPLE, Defendants in Error.

On the trial of an indictment for rape, although proof of the fact, that the prosecutrix made complaint recently after the commission of the offence, is competent, yet evidence of the particulars of such complaint are inadmissible on behalf of the prosecution.

Accordingly, where the mother of the prosecutrix was permitted to testify, in detail, on her direct examination, to the statements of the latter, made to her, of the time and manner of the commission of the offence by the prisoner.—*Held*, unanimously, error.

*Quere.*—whether even the fact of such complaint having been made, more than three weeks after the alleged rape, is competent, in the absence of any explanation of so long a delay. WOODRUFF, J.

And *it seems*, that the evidence of the mother, that the prosecutrix stated to her, in explanation of this omission to make complaint sooner, that she was deterred by threats of the prisoner, is for no purpose admissible.

(Cause argued September 28th, 1869, and decided December 21st, 1869.)

ERROR to the justices of the Supreme Court in the first judicial district, to review the affirmance at General Term, of a conviction of the plaintiff in error in the New York General Sessions.

HAND — VOL. II　　　34

The plaintiff in error was tried at the April term of the Court of General Sessions, in the city of New York, for the crime of rape, alleged to have been committed on the 2d day of March, 1869, upon the person of a girl, averred to have been at that time under the age of ten years. On the trial, the girl was examined as a witness, and testified that the prisoner committed the offence under the counter of her mother's market stand in the central market, giving the details. Caroline Abbacco, the mother, was called as a witness, and on her direct examination on behalf of the people, was permitted, against the objection of the counsel for the prisoner, to testify to a conversation with her daughter, more than three weeks after the alleged crime (twenty-four days), the prisoner not being present, in which the daughter informed her, that the offence had been committed by the prisoner, and gave all the details of place, manner, &c., &c. The counsel for the prisoner excepted, and, again at the close of the cross-examination, moved to strike out this proof of the conversation, which was refused and exception again taken.

A physician was also examined, who testified that he made an examination of the girl on the 26th of March, and found marks of violence, such as the commission of the offence, or penetration by any blunt instrument would produce. This was all the evidence.

Counsel for the prisoner requested the court to instruct the jury that, " unless there is evidence connecting the defendant with the alleged rape, other than that of the party, upon whom the offence was committed, corroborative of it, the jury must acquit." The request was refused, and the counsel for the prisoner excepted.

The jury found the prisoner guilty, and he was sentenced to imprisonment in the State prison, for the term of twelve years.

On writ of error to the Supreme Court, that court, in General Term, in the first district, affirmed the judgment, and the prisoner brought the record and exceptions, by writ of error, to this court.

*William F. Kintzing*, for the plaintiff in error, cited *Lanergan* v. *People* (39 N. Y., 39); *McKee* v. *People* (36 N. Y., 113); Phillips Ev., 2d ed.; C. & H.'s notes, 1 vol., p. 233; Greenleaf on Ev., 5th ed., § 213; Barbour's Cr. Law, 75, 77; Roscoe Cr. Ev., 94, 710; Russell on Crimes, 808; *Rex* v. *Clarke* (2 Stark, 241); *Regina* v. *Gutkridge* (9 Carr. & P., 471); *Reg* v. *Megson* (9 Carr. & Payne, 428); Archb. Cr. Pl., 7th ed. *n.*, 2 vol., pp. 119 to 173; *People* v. *McGee* (1 Den., 19); 3 Stark. Ev., 951; Brazin's Case, 1 East P. C., 443; 4 Blackstone Com., 213; East P. C., 433 to 455; Hale's P. C., 626 to 639; Brogey's Case, 10 Gratt., 722; *Stephens* v. *State* (11 Georgia, 325); Barbour's Cr. Law, 200; Wharton Am. Cr. Law.

*Samuel B. Garvin* (District attorney), for the defendant in error, cited *Rex* v. *Brazin* (1 East P. C., 443); *People* v. *McGee* (1 Den., 21); *Regina* v. *Gutkridge* (9 Carr. & P., 471); *Johnson* v. *The State* (17 Ohio, 593); 2 Wheat. Cr. Law, 6th ed., § 1150; *Conkey* v. *The People* (5 Parker Cr. R., 34); *Regina* v. *Ayre* (2 Fost. & Finl. N. P., 279); *Phillips* v. *The State* (9 Humph. Tenn. R., 246); 2 Archb. Crim. Prac. and Pl., 170, and notes and cases cited; 1 Taylor on Ev., 4th ed.; 1 Russell Cr. L., 565; 1 Hale P. C., 633; *Rex* v. *Hopper* (2 Moody & R., 212); *Reg.* v. *Reardon* (4 Fost. & Fin. N. P., 76).

WOODRUFF, J.  It is not necessary to consider the exceptions taken by the prisoner's counsel, to the refusal of the court to instruct the jury that the uncorroborated testimony of the female, upon whose person a rape has been committed, is insufficient to convict the prisoner as the guilty party, further than to say, that if the testimony of the mother was properly received in evidence, then the testimony of the injured female was corroborated, and there was therefore no ground for the request.

In respect to the fact of an injury by some means, the testimony of the mother and the physician was some corroboration.

Whether the prisoner was the guilty cause, was proved only by the testimony of the female herself, and by her declarations to her mother more than three weeks after the occurrence. If lawfully received in evidence, those declarations may be regarded as corroboration.

The disposition, which the court must make of the exception to the admission of those declarations in evidence will therefore dispose of the case.

Were those declarations properly received in evidence?

They were hearsay evidence, but nevertheless it is well settled, that where, on the trial of an indictment for a rape, the injured female is examined as a witness, the fact that she presently made complaint of the injury, is competent evidence.

It is an apparent exception to the general rule, excluding declarations made out of court, by a person who has been, or might be examined as a witness, and is properly confined within narrow limits.

Nor is the ground of the exception very distinctly stated; it may be suggested, perhaps, that it is so natural as to be almost inevitable, that a female, upon whom the crime has been committed, will make immediate complaint thereof to her mother or other confidential friend; and, inasmuch as her failure to do so, would be strong evidence that her affirmation on the subject, when examined as a witness, was false; that the prosecution may anticipate such a claim by affirmative proof that complaint was made.

But whatever be the ground, its admissibility is well settled. The rule, however, is carefully guarded. Such declarations are not evidence *per se* of the facts in issue; they cannot be relied upon for any purpose, except to confirm the testimony of the injured female; and this, I think, indicates that the ground of admissibility is what I have suggested, viz., that like outcries made at the time of the act charged, the appearance and manner of the female immediately after, her instant complaints of the fact, are all such as are natural and according to the ordinary course of events; and therefore are corroborative of her statements on the witness stand.

Mr. Greenleaf therefore states the limitation of the rule in harmony with this view. " Though the prosecutrix may be asked, *whether she made complaint of the injury,* and when, and to whom; and the person to whom she complained is usually called to prove that fact, yet *the particular facts* which she stated are *not admissible* in evidence, except when elicited on cross-examination, or by way of confirming her testimony, after it has been impeached. On the direct examination, the practice has been to ask, whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple "yes" or "no." Indeed, the complaint constitutes no part of the *res gestœ;* it is only a fact corroborative of the testimony of the complainant. And where she is not a witness in the case, it is wholly inadmissible." (Vol. 3d, § 213.)

Mr. Phillips states the same rule : " In prosecutions for a rape, it is the common practice, and is strictly regular, to inquire whether the woman made a complaint against the prisoner recently after the injury, but the particulars of the complaint, stated by her on the former occasion, are clearly not admissible as evidence of the truth of her statement; that statement, having been made in the absence of the prisoner, cannot be used as evidence against him; nor can it be admitted as evidence in confirmation of her statement on the trial." This statement of the rule is not very clear, but it means, I think, that although the principal fact that she made complaint of having suffered an outrage, recently after it was committed, is admissible, proof of its particulars are not admissible for any purpose. (Vol. 1, 233.)

Mr. Russell, in his treatise on crimes, after mentioning among the circumstances, bearing on the credibility of the female, the fact that she presently discovered the offence, says : it is the usual course, in cases of rape, to ask the prosecutrix whether she made any complaint, and if so, to whom ; and if she mentions a person to whom she made complaint, to call such person to prove *that fact.* But it has been the invariable practice not to permit either the prosecutrix or the person

so called to state the particulars of the complaint during the examination in chief."

These several writers refer to the numerous cases in England, and in this country, in which, not without some conflict, however, the subject has been discussed.

Thus, in *Rex* v. *Clarke* (2 Stark, 334), Holyrood, J., held that the fact of her having made the complaint was evidence, as also was the description of her state and appearance at the time; but that the particulars of the complaint were not evidence of the truth of her statement.

In *Reg.* v. *Walker* (2 M. & Rob.), it was held by PARK, Baron, that the female assaulted may be confirmed by proof, that she recently after the alleged outrage made a complaint, but that the particulars of what she said cannot be asked in chief of the confirming witness, though they may in cross-examination.

In *Regina* v. *Megson, et al.* (9 Carr. & P., 428), evidence having been given of the appearance of the female on arrival at home early in the morning, immediately after the alleged outrage, and of her condition on examination by a surgeon on a subsequent day; and also, that as soon as she reached home in the morning, she made complaint of what had happened to her, and it was proposed to inquire "the terms of the complaint," it was excluded. In that case, as also in *Regina* v. *Guttridges* (9 Carr. & P., 471), where evidence of her recent complaint was wholly excluded, the injured female had not been examined as a witness. Thus showing that her declarations are not, *per se*, evidence against the party charged.

In *The People* v. *McGee* (1 Denio, 19), the Supreme Court of this State approve and follow the decision in the two cases last cited.

In *The People* v. *Hulse* (3 Hill, 316), BRONSON, Justice, after citing the admonitory remarks of Lord HALE on the ease with which the accusation may be made, and the difficulty of defending by the party charged, be he never so innocent, adds: " Cases of this character do not call for any relaxation of the rules of evidence for the purpose of support-

ing the accusation.   *   *   There is much greater danger that injustice may be done to the defendant in cases of this kind, than there is in prosecutions of any other character."

Upon these authorities, and as I think, on the safest rules of evidence, the testimony of the mother of the female, was in this case, erroneously received. All the particulars of the girl's statement were inquired for, and were received in spite of objection; and not only so, but the mother was allowed to state that her daughter told her, that the prisoner made threats of punishing her, if she told her mother.

I was at first inclined to say, that, evidence of *any complaint* made so long after the alleged injury, and especially when forced from the daughter, by the mother, after her daughter had once declared that her injury was due to a fall, should not have been received at all from any person; the complaint was certainly not made recently after the alleged outrage. But in a case, in which the fact of complaint is admissible, it is perhaps competent to explain the want of such early complaint, by facts which show that it was impracticable, or that it was prevented by circumstances consistent with the natural impulse to complain thereof, so far at least, as to destroy the presumption of falsehood derivable from concealment on the part of the female. But here the mother was permitted to testify to the declarations of her daughter, that the prisoner threatened her if she should complain. On no ground, as I think, was this competent.

I think the testimony of the mother was erroneously received, and that the judgment should be reversed and a new trial ordered.

All the judges concurring, judgment reversed and new trial ordered.