## STATE OF MINNESOTA

*vs.*

## HENRY SHETTLEWORTH.

On the trial of an indictment for rape, the state may introduce evidence of the fact of complaint by the prosecutrix of the outrage upon her person, made recently after its occurrence, and of marks of violence upon her person.

If some delay has transpired in making complaint by the prosecutrix, the delay may be explained and excused by proof of sufficient cause therefor.

Upon a bill of exceptions which shows that there was delay in the female making complaint of the outrage, but not purporting to state all

State of Minnesota v. Shettleworth.

the testimony upon the point, it will be presumed there was testimony excusing the delay, and rendering the evidence of the complaint by the prosecutrix admissible.

Evidence as to the appearance of the witness, at least thirteen days after the alleged offense was committed, that she seemed " to be downhearted and gloomy, as though there was something she wanted to tell, but dare not," is not admissible to corroborate the testimony of the prosecutrix, that the defendant had connection with her by *force*, and against her will. It may be admissible, together with other facts, to excuse delay in making complaint by the prosecutrix, and upon a bill of exceptions which does not purport to state all the testimony received upon the point, it will be presumed that there was testimony which rendered the evidence admissible for the purpose last stated.

The state is not permitted on the trial of an indictment for rape to prove, as matter in chief, the particulars of the offense, or the name of the person accused, as stated by the prosecutrix in making complaint of the outrage.

The prosecutrix in an indictment for rape is not a party to the action; mere admissions of hers, which are not part of the *res gestae*, are not competent evidence to prove specific acts of illicit intercourse on her part with the defendant, or others.

Upon a trial for rape, the court charged as follows : "Reasonable doubt is this : If the same quantity and quality of evidence offered here, was offered to a reasonably careful business man as to his important business transactions, and it would induce him to act on his important business matters, there cannot be said to be a reasonable doubt." *Held* to be error.

The defendant was indicted in the district court for Fillmore county, for the crime of rape, committed upon the person of Mary Rexford, and was found guilty. He appeals from the judgment of that court. So far as the points discussed on the appeal are concerned, the case is fully stated in the opinion.

THOMAS WILSON, and J. Q. FARMER, for Appellant.

I. It was error to receive the answer to the question asked Abraham Rexford, father of the prosecutrix, " What seemed

to be the appearance and condition during the interval after she left Shettleworth's until she made complaint to you?"

The complaint of the prosecutrix in such case should only be received in evidence when made immediately after the alleged occurrence.

2 *Am. Cr. Law*, 6*th Ed. sec.* 1150; 4 *Blackstone's Com.*, 213–14; 1 *Wharton's Cr. Law, sec.* 665; 2 *Arch. Cr. Prac. & Plead.* 170 *et seq. and note ; People vs. McGee*, 1 *Denio*, 19; 2 *Bishop's Cr. Prac., sec.* 912; 3 *Greenleaf's Ev., sec.* 212; *Laughlin vs. State,* 18*th Ohio Rep's.* 99; *Johnson vs. State,* 17*th Ohio Rep's.* 593.

II.   The answer to the question objected to, " She seemed to be down-hearted and gloomy, as though there was something she wanted to tell, but dare not," should not have been received. It was incompetent, and calculated to mislead the jury.

III.   The answer to the question put to prosecutrix's father, " When you met your daughter at Mrs. Ayers' did she make complaint to you of this injury ?" should not have been received.

This alleged complaint made by the prosecutrix, was more than two weeks after the time she testified the crime had been committed, and after she might have been practiced on by many.   The answer, for that reason, was inadmissible.   The question also asked the witness to state whether she then made complaint to him of *this injury*, that is of the rape committed on her by defendant.   This was not competent.

3 *Greenleaf's Ev., sec.* 213; *Roscoe's Cr. Ev., sec.* 26, *and cases cited; 2 Bishop's Cr. Prac., sec.* 912, *and cases there cited; Rex vs. Osborn, Car. & M.* 622; *Rex vs. Wink*, 6 *Car. & Payne*, 397; *People vs. McGee*, 1 *Denio*, 19; *Rex vs. Megson*, 9 *Carr. & Payne*, 420; 1 *Russell on Crimes*, 689–690, *and notes; 2 Arch. Cr. Pr. & Pl.* 170–172, *and notes.*

IV.   It was error to sustain the plaintiff's objection to the

State of Minnesota v. Shettleworth.

question asked Mary Wilber, " Had you a conversation with Mary Rexford, the prosecutrix, at her father's house on the 29th day of October last ?" and on this being answered in the affirmative, the further question, " Did she then and there state to you that she could not tell whether she was with child by Herman Wilt, or by defendant, as she had lain with both, and therefore could not tell by which she was pregnant ?"

*People vs. Benson,* 6 *California,* 221 ; *People vs. Abbott,* 19 *Wend.* 192 ; *State vs. Johnson,* 28 *Vt,* 512 ; *State vs. Reed,* 39 *Vt.* 417; *Rex vs. Martin,* 6 *Car. & Payne,* 562 ; *Rex vs. Robins,* 2 *Moody & Robinson,* 512 ; *Rex vs. Barker,* 3 *Car. & Payne,* 589; *Roscoe's Cr. Ev.* 808-9.

The charge given by the court, " Reasonable doubt is this : If the same quantity and quality of evidence offered here was offered to a reasonably careful business man, as to his important business transactions, and it would induce him to act on his important business matters, there cannot be said to be a reasonable doubt," was erroneous.

*Burrill on Cr. Ev.* 737-0 ; *Best on Pres.,* sec. 210 *Rule* 3 ; *Ib.* sec. 215, *Rule* 6 ; 3 *Greenleaf's Ev.,* sec. 29 *and cases cited; Fuller vs. State,* 12 *Ohio S. R.* 433 ; *Jane vs. Commonwealth,* 2 *Met.* (*Ky.*) 30 ; *State of Minnesota vs. Dineen,* 10 *Minn. R.* 407; *State vs. Oscar,* 7 *Jones,* (*N. C.*) 305.

F. R. E. CORNELL, Attorney General.

I.    The interval of time between the offense and the complaints thereof, made by the prosecutrix to her father and mother, constituted a good ground of objection to the proof of such complaints, unless the delay was satisfactorily accounted for by reason of threats of personal violence, or the existence of some such circumstance, calculated to prevent or deter the complainant from alluding to the subject at an earlier day.

State of Minnesota v. Shettleworth.

It does not appear from the bill of exceptions whether any evidence of this explanatory character was introduced or not, and hence this court will presume that there was, in which case the rulings of the court below upon this point were not erroneous.

II. In prosecutions for rape, proof of criminal intercourse with other parties at other times is never allowed. The ruling upon this point in this was correct.

III. Whether the attempted definition of a reasonable doubt by the court, was successful or not, or whether it was correct or incorrect in the case instanced, is immaterial, as it is not apparent from the bill of exceptions whether the defendant could have been prejudiced thereby or not. For aught that appears, the correct rule in regard to satisfactory evidence in criminal cases, as laid down in the Dineen case, was given to the jury in this case, and if not, the defendant's counsel should have asked it.

*By the Court.*—McMILLAN, J.—On the trial of an indictment for rape, the rule established is that the state may introduce evidence of complaint by the prosecutrix of the outrage upon her person, made recently after its occurrence, together with marks of violence upon her person. 2 *Bishop's Crim. Proc.* § 963. If some delay in making complaint by the prosecutrix has transpired, the delay may be explained and excused by proof of sufficient cause therefor. *State v. Knapp,* 45 *N. Hamp.* 148; *State v. DeWolf,* 8 *Conn.* 93.

This case comes before us upon a bill of exceptions, which does not purport to state all the testimony upon the point of this complaint. There is nothing in the record which shows that the delay in this case could not have been explained; on the contrary, the bill of exceptions presents a case which would reasonably admit of explanation and excuse. We must,

therefore, presume that there was testimony excusing the delay, and rendering the evidence of the complaint by the prosecutrix admissible.

It appears from the bill of exceptions, that the prosecutrix testified, that the defendant committed the rape upon her on the 20th of September, 1871; that the prosecutrix had met her father at the house of the defendant, where he took dinner, the day following the day on which the rape was alleged to have been committed, or the next day thereafter.

It also appears that the prosecutrix remained in the house, and in the service of defendant, until Saturday, the 28th of September, 1871, when she left and returned to her father's house, where she remained for two or three days, and then went to live with, and to work for one Mrs. Ayres. Abraham Rexford, father of the prosecutrix, having been called as a witness for the state, and having testified that his daughter, the prosecutrix, made complaint to him three or more days after she had gone to the house of Mrs. Ayers as aforesaid, was asked this question by the counsel for the state, viz.: "What seemed to be the [her] appearance and condition during the interval after she left Shettleworth's, until she made complaint to you?" Which was objected to by the defendant, as incompetent and inadmissible. The court overruled the objection, to which the defendant excepted, and the witness answered: " She seemed to be down-hearted and gloomy, as though there was something she wanted to tell, but dare not."

The purpose for which this question was asked, and the answer received, is not stated. If the object was to corroborate the testimony of the prosecutrix, that the defendant had had connection with her by *force*, and against her will, it is clearly not admissible for such purpose. But it will readily be suggested that facts may have been proved, in connection with which the evidence would be proper for the purpose of

explaining and excusing the delay of the prosecutrix in making complaint of the outrage, and since, as we have seen, the bill of exceptions does not purport to state all the testimony received, we will presume that there was testimony not contained in the bill, which rendered this evidence proper for the purpose last stated. *Day et al. v. Raguet et al.*, 14 *Minn.* 274. It is incumbent on the defendant alleging error, to point it out, and upon a bill of exceptions, if evidence appears to have been received, and the purpose of its reception is not stated, if it is incompetent for one purpose, and competent for another, it will be presumed to have been introduced for the purpose for which it was admissible.

Upon the question whether the particulars of the offense, as stated by the prosecutrix in making complaint, and the name of the person charged by her at that time with the commission of the crime, can be proved, as matter in chief, by the state, the authorities are not entirely uniform. We think the better rule is that such testimony is not admissible as evidence in chief for the state, and that this rule is sustained by the weight of authority. 3 *Greenleaf's Ev.* § 213 ; 2 *Bishop Crim. Proc.* § 963 ; *Baccio v. The People*, 41 *N. Y.* 265, *and authorities cited.*

Upon cross-examination of the prosecutrix, Mary Rexford, she stated that she had a conversation at her father's house on the 29th of October last with one Mary Wilbur. The defendant's counsel then asked her the following question : " Did you not then and there state to her, that you could not tell whether you were with child by Herman Wilt, or by defendant, as you had lain with both, and therefore could not tell by which you were pregnant ?" To which there being no objection, the witness answered she did not so state, or anything to that effect.

Upon the defence, the defendant called Mary Wilbur as a

State of Minnesota v. Shettleworth.

witness, who stated in her examination in chief, that she had a conversation with Mary Rexford, the prosecutrix, at her father's house on the 29th of October last. The defendant's counsel then asked her this question: " Did she then and there state to you, that she could not tell whether she was with child by Herman Wilt, or by defendant, as she had lain with both, and therefore could not tell by which she was pregnant?" to which the counsel for the state objected, as immaterial. The court sustained the objection, and the defendant excepted. The counsel for the defence, in the course of his argument in this court, stated that the question objected to was not asked for the purpose of impeaching the *credibility* of the prosecutrix, but to prove a substantive fact, material to the issue, and in this view alone we consider it, in disposing of this exception.

The prosecutrix testified that the defendant had committed a rape upon her on the 20th of September, 1871. There is nothing in the evidence sought to be elicited by the question proposed which directly rebuts this statement of the prosecutrix; the question, therefore, can only be regarded as an offer to prove an admission by the prosecutrix, that she had illicit intercourse with the defendant and the other person named.

Under what circumstances, and to what extent it would be competent for the defendant to prove specific acts of illicit intercourse on the part of the prosecuting witness with himself, or others, we need not now consider. The admissions of the witness are not in themselves facts going to establish the illicit intercourse, but are mere declarations. The prosecutrix is not a party to this action in such a sense that the state is bound by her mere declarations. Her mere admissions, therefore, not part of the *res gestae*, are hearsay, and are not competent evidence to prove the fact of such illicit intercourse. For this reason, without adverting to other valid grounds of objection to the question, the testimony was properly excluded.

*Barthelemy & De Bouillon vs. The People*, 2 *Hill*, 248 ; 1 *Greenl. Ev.* §§ 362, 537.

The court charged the jury, among other things, as follows : " Reasonable doubt is this. If the same quantity and quality of evidence offered here, was offered to a reasonably careful business man as to his important business transactions, and it would induce him to act on his important business matters, there cannot be said to be a reasonable doubt ;" to which the defendant's counsel excepted. The court here evidently intended to define a reasonable doubt. The definition is certainly erroneous, and must have been prejudicial to the defendant. *State vs. Dinéen*, 10 *Minn.* 407. For this error, the judgment must be reversed, and a new trial granted.