### James E. Gardner *vs.* Chester Kellogg.

#### March 30, 1877.

**Evidence—Action for Indecent Assault.**—In the trial of a civil action, founded upon an assault of an indecent character committed upon a female, the same rule of evidence applies as in a criminal trial on an indictment for the same offence, in regard to proof of complaint made by the female concerning the assault, immediately after the occurrence, and while still suffering from the smart of the injury received. The fact that she forthwith made such complaint may be shown, as also her personal condition and appearance at the time.

**Same—Cross-examination—Discretion of Court.**—The extent to which a cross-examination may be carried rests largely in the discretion of the trial court. Upon the facts, as stated in the opinion, the discretion was properly exercised in this case.

**Improper Joinder of Actions—Waiver of Objection.**—Although a complaint is objectionable as containing matter relating to two distinct causes of action improperly joined, it is too late to raise the objection in this court, after trial in the court below without objection, and when the evidence was confined to one of such causes, and the trial was had alone in reference to that.

**Action by Father for Injury to Child.**—Under Gen. St. c. 66, § 33, a father may, except when he has deserted his family, maintain an action in his own name, to recover damages for any injury to his minor child, in all cases where, at common law, such an action might be maintained in behalf of such minor.

**Same—Damages Recoverable.**—The damages recoverable in such an action are only those sustained by the minor, and not those sustained by the parent by reason of loss of service.

**Charge—Exception must be Specific.**—An objection to an instruction, that it is too indefinite, is of no avail, unless it is taken on such specific ground at the time, and the defect complained of is pointed out.

**Exemplary Damages.**—*Fox* v. *Stevens*, 13 Minn. 272, and *McCarthy* v. *Niskern*, 22 Minn. 90, followed upon the question of exemplary damages in actions of this character.

**New Trial—Impeaching Testimony.**—A new trial will not be granted for the sole purpose of procuring testimony to impeach the credit of a witness.

This action was brought in the district court for Wabasha county, to recover for injuries alleged to have been sustained by plaintiff's minor child from an indecent assault committed upon her by the defendant. At the trial before *Mitchell*, J., the plaintiff had a verdict for $1,000; a new trial was refused, and defendant appealed.

*Doughty & Card*, for appellant.

*Brown & Stocker*, and *W. J. Hahn*, for respondent.

CORNELL, J. In a criminal action against a party indicted for an assault of an indecent character upon a female, the rule is settled in this state that it is competent, when the party assaulted testifies as a witness to the assault, to prove, both by her and other witnesses, the fact that immediately thereafter she made complaint of the outrage upon her person to some confidential friend or relative. But such proof must be confined to the principal fact, and not extended to embrace any of the particulars of the transaction. *State* v. *Shettleworth*, 18 Minn. 208. In this case the question is presented whether this rule also obtains in a civil action, brought by or on behalf of the injured party against the wrong-doer, to recover damages occasioned by the wrongful act.

The assaulted party in this case was a child ten years of age, who was living at the time with her parents. The place of the alleged assault was at a hotel, at Lake City, some five blocks distant from her home. On the trial the child was examined as a witness on behalf of the plaintiff, and,

after testifying in chief to the circumstances of the assault—that defendant, among other things, pinched her on the checks so that they were red, and that she felt the effects of it, and was crying upon reaching home, whither she went directly after the transaction—the question was put to her whether she then told her mother of it. This was objected to by defendant as incompetent. The court overruled the objection, to which an exception was taken, and witness answered, "I went and told mamma of it." After her cross-examination, directed in part to the impeachment of her testimony, her mother was sworn, as a witness for plaintiff, for the purpose of showing that her child was crying when she reached home, her personal appearance and condition at the time, and also the fact that she then stated to her the cause. To this the defendant also objected as incompetent, and the court ruled that such her personal appearance might be shown, and that it would allow plaintiff to prove by the witness that she (the child) did give a statement of the cause, but would not allow witness to say what was said.

The clear effect of this ruling was to allow proof to the sole extent of showing the personal condition and appearance of the assaulted party on reaching home, and that she then disclosed to her mother the naked fact of the assault. If the defendant had been on trial, under an indictment for the commission or attempt to commit the offence involved by the act charged to have been done in this case, there can be no question that the evidence would have been admissible under the rule laid down in *State* v. *Shettleworth.* Whatever may be the reason for the rule as applied to criminal cases—whether it is that statements of this character as to the cause and immediate consequences of the injury, made by the injured party so soon after the injury, and while still under the influence of the smart and suffering occasioned by it, constitute a part of the *res gestœ*, as was held in *Thompson* v. *Trevannion*, Skinner, 402, approved in *Aveson* v.

*Lord Kinnaird*, 6 East, 188, and in *Insurance Co.* v. *Mos-
ley*, 8 Wall. 397 ; or whether it is that silence under such
circumstances is so contrary to human experience, and to the
natural and ordinary conduct of a woman suffering under
such a wrong, as to raise, if not explained, an unfavorable
presumption affecting the credibility of her testimony as a
witness, and hence, as is suggested by Woodruff, J., in
*Baccio* v. *People*, 41 N. Y. 265, 268, affirmative proof is
admissible to repel the inference—it would seem quite clear
that the rule has for its support a foundation equally as firm
and reasonable in civil as in criminal actions.    If it is a
sound and safe rule to observe in the determination of a
controverted fact which is to affect the liberty and dearest
personal rights of the citizen, it is difficult to perceive why
it ought not to be followed in the ascertainment of the same
fact when his pecuniary interests alone are involved.    The
ruling of the court below upon this point was correct.

2. The extent to which enquiries and questions may be
allowed on a cross-examination is always a matter some-
what in the sound discretion of the trial court, and to be
determined upon the particular circumstances of each case.
The question which was put to the witness, Georgia A.
Gardner—" Do you think you would have done so (*i. e.*,
made an outcry) if Mr. Kellogg had tried to harm you?"
—had for its sole object, evidently, the procuring of an
answer upon purely a collateral matter, which might be
used to affect her credibility. The witness was one of tender
years, presumably unfamiliar with the scenes of a court-
room, and likely to be more or less embarrassed by the
peculiar situation in which she was placed; and we are
satisfied that the discretion of the court was properly exer-
cised, under the circumstances, in excluding the question.

3. The complaint in this action seems to have been drawn
upon the theory that the plaintiff, as the father, was entitled
to recover, in the same action, damages both for the injuries
sustained by his child and those suffered by himself, as

such parent, by reason of his loss of service, etc. In this respect the complaint was clearly objectionable, if any such point had been properly taken in the court below. The court, however, in its conduct of the trial, limited the enquiries and the evidence to the cause of action therein stated, which accrued to the child by reason of the alleged injuries, and to such damages as resulted therefrom to her alone.

As respects this cause of action the averments of the complaint are sufficient, especially after verdict, and in the absence of any specific objections; and the other matter therein alleged may be rejected as surplusage.

It is objected by the defendant, in this court, that an action cannot be maintained by the father, as plaintiff, to recover damages for personal injuries sustained by his minor child alone, and that the only action which he can maintain in such a case is one for the recovery of damages caused alone by the loss of the services of his child. This position is undoubtedly correct, in the absence of any statutory provision upon the subject. Gen. St. c. 66, § 33, however, provides: " A father * * * may maintain an action for the injury of the child, and the guardian for the injury of the ward." The manifest object and the effect of this statute is to enable the father, in case he has not deserted his family, to bring an action, in his own name, for the benefit of his minor child, for an injury sustained by the latter, in all cases where, at common law, such an action might have been maintained in behalf of such minor. In such action, however, no damages can be recovered other than those sustained by the minor in consequence of such injury.

The general charge of the court, and its refusal to give the defendant's requests upon this branch of the case, were correct.

4. In its general charge, upon the subject of damages, the court instructed the jury that " a proper element for

them to take into consideration, in the assessment of damages, was the injury and insult to the feelings." To this the defendant excepted, and now objects that it was " too indefinite, as not indicating whose feelings." The defendant should have made this specific objection in the court below, and called upon it to make the instruction more definite.. Not having done so it is too late now to raise the point. It will be presumed that the court referred to the feelings of the child, and that the jury so understood it.

5. The instructions given upon the subject of damages were in accordance with the settled doctrine of this court in cases of this character, and furnish no good ground for alleging error. *McCarthy* v. *Niskern*, 22 Minn. 90 ; *Fox* v. *Stevens*, 13 Minn. 272 ; *Seeman* v. *Feeney*, 19 Minn. 79.

6. It is claimed by defendant that the court below erred in not granting a new trial because of the facts set forth in his affidavits, tending to show that he was taken by surprise by the testimony of the witness Georgia Gardner, inasmuch as it differed from that given by her on the preliminary examination of defendant before the magistrate, upon a criminal charge, founded upon the same transaction. It is alleged that in her version of the transaction, as given before the magistrate, she testified to a state of facts and circumstances in connection with the alleged assault—such as the location of the lounge whereon it is claimed to have been committed, in reference to the window, the character of the window curtains, and the manner in which they were raised and lowered—not only variant from the actual facts, but such as, if true, made it highly improbable that any assault could have been committed in the manner and under the circumstances stated ; that, in preparing his defence, the defendant relied upon the supposition that she would adhere to the same version of these attendant circumstances which she gave on the examination, and was, therefore, surprised by the different statements in her testimony as given upon the trial. He therefore asks for a new trial, not for

the purpose of disproving the existence of these circumstances as testified to by her on the trial, but to impeach her veracity by showing that she has given a different version thereof at a former time.    This is purely and strictly testimony of an impeaching character, and the refusal of the court below to grant a retrial on this ground was neither an abuse of discretion, nor error.

Order affirmed.