Dickman, J.
William Dunn, tbe plaintiff in error, over seventeen years of age, was, at tbe January Term, 1887, of tbe court of common pleas of Defiance county, indicted for carnally *250 knowing and abusing, with her consent, Mabel Castor, a female child under ten years of age, a crime made rape by section 6816 of the Revised Statutes. The indictment charged the crime as committed on the 20th day of December, 1886. On the trial in the court of common pleas, Mabel Castor, the prosecutrix, testified to the alleged crime, giving the time, place and manner of its perpetration, and the name of the accused as the offender, and was permitted to testify — the counsel for the accused objecting and excepting — to declarations made by her to her mother immediately after the alleged offense, and in reference thereto. The mother, Nancy Castor, was called as a witness in behalf of the state, and she was permitted to testify, over the objection and exception of the prisoner’s counsel, not only to declarations made by her daughter on the night of December 20, 1886, and the day following, in relation to improper conduct towards her on the part of the accused, but was also allowed to give in evidence to the jury, declarations made to her by her daughter, Mabel Castor, ten days after the alleged occurrence of the crime, to-wit, on the 30th day of December, 1886, in which she stated to her mother in detail, when interrogated, the particular circumstances of the crime laid in the indictment, and of which she declared William Dunn to be guilty. The accused was convicted — his plea being not guilty; a motion for a new tidal was filed and overruled, and he was sentenced to imprisonment for life. A bill of exceptions was taken, setting out all the evidence and the charge of the court. A petition in error was filed in the circuit court, and, by a majority of that court, the judgment of the court of common pleas was affirmed.
In a case of rape, when the person upon whom the offense is charged to have been committed, has not been examined as a witness, no evidence of her assertions or declarations, descriptive of the offense or offender, should be received except when made in extremis. They are merely hearsay, and are not competent as evidence in chief to prove the commission of the offense. If, however, the injured person has been sworn and has testified, her declarations in relation to the injury, made immediately' after it was inflicted, would be competent in *251 corroboration of her statements made in court. Her credibility would be strengthened or weakened, as it would be found to be in accordance with or contradictory to the statements and disclosures which she would naturally make immediately after an outrage upon her person — disclosures which she would instinctively shrink from if not true.
In England and in several American jurisdictions, evidence of the declarations of the injured person has been limited to the mere fact that a complaint was made, and the bare nature of it. Thus, the rule is laid down in New York that, on the trial of an indictment for rape, although proof of the fact that the prosecutrix made complaint recently after the commission of the offense, is competent, yet, evidence of the particulars of such complaint is inadmissible on behalf of the prosecution. Roscoe’s Cr. Ev., 26; 1 Russell on Crimes, 923; Baccio v. The People, 41 N. Y. 265. But in Ohio, the prosecution is permitted to give the substance of what the prosecutrix stated immediately after the event. In McCombs v. The State, 8 Ohio St. 643, the court say, “ whatever may be the rule elsewhere, it is settled in Ohio, that in a prosecution for rape, the substance of what the prosecutrix said immediately after the offense was committed, may be given in evidence, in the first instance, to corroborate her testimony.” And in Burt v. The State, 23 Ohio St. 394, in which it was held that in giving in evidence the declaration of the prosecutrix made immediately after the alleged transaction, in corroboration of her testimony, it is competent to show that in and by such declarations she charged the crime upon the defendant, Welch, J., says: “ How far the prosecution shall be permitted to go into details, in giving the declarations of the female, must, to a great extent at least, be left to the discretion of the court.” See also Johnson v. The State, 17 Ohio, 593; Laughlin v. The State, 18 Ohio, 99; Hornbeck v. The State, 35 Ohio St. 277; Brown v. People, 36 Mich. 204, in which Burt v. The State, supra, is followed.
A controlling question, however, that arises in the case at bar is: How soon after the offense is committed, must the female who has suffered the injury, make the declarations, in *252 order to render evidence of such declarations admissible? It is well settled in Obio that the declarations must be made immediately. Immediateness is essential to their admissibility. Such is the language, substantially, of our decisions on the subject. 'Whether or not the declarations constitute a part of the res gestae, when made immediately after the injury, they largely preclude the idea of the injured party having been practiced upon to fabricate a story. They are presumed to be the natural outburst of outraged feelings, and, if made at all, would naturally be made at the first opportunity, while the injury is yet fresh and aggravating. Silence and delay in making known the wrong would be likely to awaken suspicion and doubt as to the truth of complainant's statement. If, says Blaekstone, she conceals the injury for any considerable time after she has had an opportunity to complain, such a circumstance would carry a strong presumption, though not conclusive, that her testimony is false or feigned. 4 Comm. 213. Rut when delay by the prosecutrix in making complaint or declaring the circumstances of the wrong has occurred, such delay may be explained, and excused by proof of sufficient cause therefor, as for instance, want of suitable opportunity, or duress, or threats by the perpetrator of the wrong. Higgins v. The People, 58 N. Y. 377; State v. Shettleworth, 18 Minn. 208; State v. Knapp, 45 N. H. 148; State v. DeWolf, 8 Conn. 93. Yet, if there has been a want of promptness in making complaint or declaration as to the particulars of the injury after its perpetration, the court should not admit evidence of the complaint or declaration until the delay has been excused or justified. People v. Gage, Mich. Sup. Ct., July, 1886, 8 Crim. Law Mag. & Rep. 195, was a case of prosecution for rape, and the silence of the outraged party in making complaint was the direct consequence of fears of chastisement induced by threats of the defendant. “It is contended,” said Champlin, J., “ that the testimony ought not to have been received because of the lapse of time after the outrage and the statement to the mother. The lapse of time occurring after the injury, and before complaint made, is not the test of admissibility of the evidence, but it may be considered as affecting its weight; and *253 when complaint is not made promptly, the delay calls for explanation before the court will admit it.”
Upon an examination of the record in the present case, we discover no adequate explanation of the delay of the prosecutrix until December 30th, before she disclosed the alleged occurrences on the night of the 20th of December. It does not appear that in the mean time she was under restraint, or the influence of threats, or that she apprehended any violence from the accused. And when she did finally give a detailed account of the offense, it seems to have been drawn out in response to inquiries by her mother, and not to have been spontaneously given by herself. We are therefore of ojnnion, that it was error in the court of common pleas to permit the state to give in evidence to the jury, the declarations and statements made by the prosecutrix — not in the presence of the accused — to her mother, Nancy Castor, as late as the 30th of December, 1886.
Section 6816 of the Revised Statutes, provides that, “Whoever has carnal knowledge of a female person forcibly and against her will, or, being seventeen years of age, carnally knows and abuses a female child under ten years of age, with her consent, is guilty of rape.” The presumption of the law is, that a female child under the age of ten years is incapable of giving consent to an act of carnal knowledge, although the presumption may be rebutted by proof that she understood the ‘nature of the act committed. But the crime charged against William Dunn, is that of carnally knowing and abusing the prosecutrix “ with her consent.” If the presumption of her incapacity to consent, was overcome by evidence of sufficient age and intelligence to comprehend the turpitude of Dunn’s conduct, while proof of her declarations immediately after his alleged abuse of her might be admissible in'confirmation of her testimony in chief,' evidence of her declarations made after a considerable and unexplained delay might properly bo regarded with suspicion and distrust, and excluded from the jury.
It is suggested by counsel in argument, that the accused was prejudiced by the failure of the court in its charge, to impress upon the jury that the declarations of the prosecutrix subse *254 quent to the alleged injury were not admissible in evidence as substantive testimony to prove the commission of the offense, but only to corroborate her statements made in court. While a mere failure to instruct a jury upon a particular point of law arising in a case may not be erroneous, and to make such failure a ground of error the court should be requested to instruct upon that point, yet, we think the jury might have been very much aided in the discharge of their duty, if they had been put on their guard against confounding testimony, that was only corroborative, with testimony in chief to prove the corpus delicti.
We find no other error among those assigned in the record than that which we have been considering, and in view of the aforegoing considerations, our conclusion is that the judgments of the court of common pleas and circuit court should be reversed, and the cause remanded for a new trial.

Judgment accordingly.