GERTRUDE DEAN, AN INFANT, BY SAMUEL K. MUNGER, HER GUARDIAN AD LITEM, RESPONDENT, v. MINERS RAPLEE, APPELLANT.

*Rape—declarations of the plaintiff made three years after the assault, are inadmissible.*

In an action by an infant to recover the damages resulting from a series of alleged indecent assaults accompanied by rape, covering a period of eighteen months, the plaintiff was permitted upon the trial to testify to declarations regarding such assaults, made by her three years after the last of them had taken place; during which three years she had lived with friends in another State, and it did not appear had made any substantial disclosure to any person relative to the assaults.

*Held*, that her declarations, made after the lapse of three years, were too remote to be admissible in her favor.

That the law presumed that a female thus assaulted would make quick complaint of the wrong to which she had been subjected.

APPEAL by the defendant, Miners Raplee, from an order of the Supreme Court, entered in the office of the clerk of the county

of Wyoming on the 3d day of February, 1892, denying a motion for a new trial; also an appeal from a judgment of said court, entered in the said clerk's office on the 21st day of September, 1891, upon a verdict for the plaintiff for $2,250, besides costs, after a trial at the Wyoming Circuit before the court and a jury.

*I. Sam Johnson,* for the appellant.

*J. L. Woodworth,* for the respondent.

DWIGHT, P. J.:

The action was to recover damages for a series of indecent assaults, with rape, alleged to have been committed upon the person of the plaintiff, during a period of about eighteen months, while she — a girl of fourteen or fifteen years of age — was living in the family of the defendant. His house and farm buildings were just across the highway from the home of her grandmother and aunt, with whom she had lived until she went to the defendant's. The acts of rape, as testified to by the plaintiff, were most of them committed in one or another of the defendant's barns, which were in plain sight and easy hearing distance from the defendant's house and that of the plaintiff's grandmother; but there was no outcry at the time, and no complaint either to the defendant's wife or to her own relatives, during the continuance of the outrages, except that, after what she describes as the third violation of her person, she told her aunt that the defendant had kissed her, and, possibly, that he had taken some other slight liberties with her person. Certain it is that the disclosure was not so full or so serious as that her relatives hesitated to permit her to return after a few days to the defendant's house, and resume the same relation as before. It would have been quite competent and material for the plaintiff to show, if she could, that she did disclose to the fullest extent, and bitterly complain of the alleged abuses immediately or at the earliest opportunity after their perpetration. To that extent in a case of actions for rape, whether civil or criminal, an exception is made to the general rule against hearsay testimony. So gross is the outrage, and so shocking to the sensibilities of a virtuous woman, that it is expected the innocent victim will make quick complaint of the wrong to which she has been subjected. But the same rule, which admits

the evidence of such immediate disclosure and complaint, as positively excludes evidence of that which is unnecessarily remote. (*The People* v. *O'Sullivan*, 104 N. Y., 486; *Baccio* v. *The People*, 41 id., 265.) In the first of these cases the opinion of Judge EARL covers the whole ground and demonstrates very clearly the rule in both its bearings, and the reason of it. He quotes from Hale's Pleas of the Crown (vol. 1, p. 632) the saying "The complainant must make fresh discovery and pursuit of the offense and offender, otherwise it carries a presumption that her suit is but malicious and feigned." He examines many cases and concludes: "It will be seen from these authorities that the very reason upon which the rule is based for the reception of such evidence requires that the disclosure should be recent, and made at the first suitable opportunity." In that case the delay to make the disclosure was about eleven months, and after considering the causes which might operate to excuse delay, and the circumstances of that case, the court held that the delay of eleven months was so great and so unjustifiable that, as a matter of law, the disclosures should have been excluded as evidence, and that it was, therefore, error to receive it.

In this case no disclosure of the facts now testified to by the plaintiff, nor of anything of the kind, was made until after more than three years after the last of the alleged outrages in question. In the meantime the plaintiff had become nineteen years of age and upwards; she had been three years continuously living with friends in another State, removed from the influence or fear of the defendant, and no circumstances are shown as existing during that time which can so excuse the delay as to render the fact of disclosure after that time admissible in evidence in her own behalf. Not that delay for any length of time to make the disclosure would be conclusive against the truth of the charge, but that it is only disclosure made at the earliest suitable opportunity of which evidence will be received in confirmation of the charge.

Under the doctrine so strongly enforced in the case of O'Sullivan (*supra*), and supported by the cases there cited, we can have no doubt that the court erred in this case in overruling the defendant's objection to evidence of a declaration of the plaintiff made more than three years after the wrong complained of, and only shortly before her action was commenced.

And for that error the judgment and order herein should be reversed.

MACOMBER and LEWIS, JJ., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.