BERNARD SCHMIT *vs.* WILLIAM B. MITCHELL.

Argued Nov. 19, 1894. Reversed Dec. 6, 1894.

No. 9131.

**Father a plaintiff in an action for seducing his daughter.**
*Held*, the father may maintain in his own right, and for his own benefit, an action for damages for the seduction of his adult daughter, under 1878, G. S. ch. 66, § 33.

**1878 G. S. ch. 66, § 33 construed.**
*Held*, the main purpose of said section is to dispense with proof of loss of service; but that the father cannot maintain the action where the daughter is of full age, does not reside in his household, but is employed and lives elsewhere, and is for no purpose a member of his family; that he can maintain it where his home is in fact her home, even though she is of full age, employed and lives elsewhere, and is only at home occasionally, and is seduced elsewhere.

Appeal by defendant, William B. Mitchell, from an order of the District Court of Stearns County, D. B. *Searle*, J., made March 1, 1894, overruling his demurrer to the complaint.

The plaintiff alleged that he resided at Cold Spring, was sixty years old, had a wife and five grown up children. That he and his family enjoyed the respect and esteem of his neighbors; that neither he or any one of his family had been disgraced or humiliated in any manner or suffered dishonor or indignity, that his daughter, Maggie Schmit, was unmarried and had always been a pure minded virtuous girl and a source of comfort and pride to him and his family; that in July, 1891, she was twenty eight years old and was from that date for six months thereafter in the service of the defendant as a domestic, and was by his artful and persistent persuasions within that time seduced by him, and was on July 4, 1892, delivered of a bastard child. That by reason thereof plaintiff suffered great shame, disgrace and dishonor and was grievously humiliated in the eyes of his neighbors and acquaintances and endured great mental anguish, to his damage $20,000 for which sum he demanded judgment. The complaint contained no averment that the daughter was his servant or that she lived with or made her home with him or that she had been at any time since her majority a member of his family or that plaintiff thereby lost any of her services. The defendant demurred to the complaint and specified as ground of objection thereto that it does not state facts sufficient to constitute a cause of action. The court overruled the demurrer and defendant appeals.

*Geo. H. Reynolds* and *Geo. W. Stewart*, for appellant.

Under the common law a woman, whether a minor or adult, could not maintain an action for her own seduction, the reason being that she was *particeps criminis*. The only theory upon which an action by her parent could be maintained was that plaintiff thereby lost service, and the only person that could maintain the action was one entitled to the services of the person seduced. This rule of the common law has been changed by statute in many states, no two of which statutes are precisely alike. The statutes of California, Indiana, Iowa, Michigan, Oregon, Montana, Georgia and Minnesota, contain provisions somewhat similar. In each of these statutes it is provided that the action may be maintained without

proof of loss of service. The statute nearest, 1878 G. S. ch. 66, § 33, is contained in Michigan Statutes, §§ 7779–7781. It is contended by the attorneys for the defendant that a father cannot maintain an action for the seduction of his emancipated adult daughter, because an adult daughter can maintain an action in this state for her own seduction, and that 1878 G. S. ch. 66, § 33, applies only to minor daughters.

A man who is guilty of betraying and ruining a woman by artful and fraudulent practices, seducing her from paths of virtue, inspiring her with lustful desires, and finally leading her a willing victim of his own passions, has invaded a right which belongs to the woman herself. The deliberate, fraudulent and artful leading astray of a pure minded girl is as clearly an infringement of a civil right against the woman herself as would be an assault, a libel or a rape, and the old doctrine that a woman could not recover for her own seduction for the reason that she was *particeps criminis* has no place in our present civilization. If Maggie Schmit can maintain an action for her own seduction in the state of Minnesota, then the father cannot maintain the present action. In Iowa and in Indiana under a statutes like ours, the father cannot maintain an action for the seduction of his adult daughter for the reason that the person seduced has an action in her own name. *Dodd* v. *Focht*, 72 Ia. 579; *McCoy* v. *Trucks*, 121 Ind. 292.

The purpose of 1878 G. S. ch. 66, § 33, is to dispense with the necessity of proving loss of service in an action for the seduction of a minor child, and when the statute says that the father, or in case of his death or desertion of his family, the mother, may prosecute as plaintiff for the seduction of the daughter, and the guardian for the seduction of the ward, it means minor daughter.

If section 33 had read "female child" instead of "daughter" the meaning would be precisely the same and would receive the same construction that section 34 received in *Gardner* v. *Kellogg*, 23 Minn. 463. *Stoudt* v. *Shepherd*, 73 Mich. 592; *Watson* v. *Watson*, 49 Mich. 540; *Weiher* v. *Meyersham*, 50 Mich. 602.

*J. D. Sullivan* and *David T. Calhoun*, for respondent.

At common law no woman under any circumstances had any right of action against anybody, arising out of her own seduction. If

she now has a right of action it must be by virtue of some statute. In Indiana and Iowa the right of action is given to the female by statute whether of age or not. The Michigan statute was intended to and did practically give a right of action to the woman seduced if an adult, by allowing her to designate the person who should bring the action. The Michigan cases however do not decide that the·action could not still be maintained by the father.

Nowhere do the statutes of this state change or attempt to change the law or give a woman a right of action for her own seduction. 1878 G. S. ch. 66, § 33, simply relieves the parent from the necessity of proving loss of service which at common law was essential. It gives no new right of action to anybody. It puts the right of action on the basis always tacitly recognized in this kind of actions, and simply cuts out the fiction of loss of service. The claim for substantial damages never rested on the amount of the service lost. This was simply a fiction to enable the parent to get into court. There was no trouble in case of minors as the law presumed loss of service. The statute under discussion was undoubtedly passed to reach cases of adults, as it was here that trouble arose in making out a case of loss of service to satisfy the fiction. *Ellington* v. *Ellington*, 47 Miss. 329; *Russell* v. *Chambers*, 31 Minn. 54; *Barbour* v. *Stephenson*, 32 Fed. Rep. 66; *Lipe* v. *Eisenlerd*, 32 N. Y. 229; *Lavery* v. *Crooke*, 52 Wis. 612; *Hewitt* v. *Prime*, 21 Wend. 79.

If the statute applies only to minors then it changes nothing, as the father could without it recover without proof of loss of service. The right to sue given by section 34 is the right to sue for an injury to the rights of the child. The action provided for in section 33 is for an injury to the rights of the parent.

CANTY, J. The defendant demurred to the complaint on the ground that it did not state a cause of action. This is an appeal from an order overruling the demurrer.

The complaint alleges that plaintiff is a resident of Stearns county, and the head of a family; that his daughter, Maggie, is of the age of thirty years, and is an unmarried woman; that in July, 1891, she, being in the employ of defendant as a domestic, was by him seduced; that thereby plaintiff has been disgraced and damaged in the sum of $25,000.

The action is brought under 1878 G. S. ch. 66, § 33, which reads as follows: "Sec. 33. A father, or in case of his death, or desertion of his family, the mother, may prosecute as plaintiff for seduction of the daughter, and the guardian for the seduction of the ward, though the daughter or ward is not living with, or in the service of the plaintiff at the time of the seduction, or afterward, and there is no loss of service."

Section 34 reads as follows: "Sec. 34. A father, or in case of his death, or desertion of his family, the mother, may maintain an action for the injury of the child, and the guardian for the injury of the ward."

This court, in *Gardner* v. *Kellogg*, 23 Minn. 463, interpreted "child" in section 34 as meaning a "minor child," and it is contended by appellant's counsel that "daughter" in section 33 means the same thing as "child" in section 34, and that, as plaintiff's daughter was not a minor, he cannot maintain this action. We cannot agree with counsel. By section 34 it was intended to permit the father in certain cases to bring a suit in his own name for the benefit of his child, not for his own benefit. If the child was of age, there was no necessity for this, but clearly the child should then bring the action in her own name. But the action thus specified in section 33 is not intended for the benefit of the daughter, but can be maintained by the father in his own right, and for his own benefit. If he can only maintain it in the case of a minor daughter, his rights are not as extensive under the statute as they were at common law, because at common law he could maintain an action for damages for the seduction of a daughter of full age if he could show loss of service, and, if she actually resided in his family as a member thereof, loss of service was by most courts conclusively presumed. We are of the opinion that the statute intended to enlarge, not to restrict, the rights of the father, and that it applies to the case of an adult as well as to that of a minor daughter.

On the other hand, it is contended by respondent that section 33 applies to the case of any daughter who is not married and living in her husband's family; but he concedes that her being married is only an implied limitation which he must spell into the statute, and claims that, taken literally, the statute covers the case of every daughter, married or single, old or young. It seems to us that the

statute was not intended to apply to daughters who were for no purpose members of the father's family.

We find on examination that section 33 originated perhaps in California, and has been adopted by several other states as well as this.    See 21 Am. & Eng. Enc. Law, p. 1024, note 1.    But we have not been able to find any decision under the statute in any of these states in point here.    *Franklin* v. *McCorkle*, 16 Lea, 609, was the case of a minor child, and the court held that loss of service would be presumed in such a case at common law, even if the statute did not dispense with such proof.    If loss of service is presumed in the case of a minor, why should not membership in her father's family be, under like circumstances, presumed?    But we are of the opinion that the statute was not intended to apply to cases where the daughter is not a minor, and is not in any respect, or for any purpose, a member of the father's family; that the intent of the statute is that the father may maintain the action without proving loss of service, if the daughter is in fact a member of his family, even though she is employed or lives elsewhere nearly all of the time, and is so employed or so resides elsewhere at the time she is seduced.

Cooley, in his work on Torts (marg. p. 231), divides the cases at common law into three classes:    "First. Cases where the daughter actually resides in the household of the father, and loss of service is conclusively presumed.    Second. If the daughter at the time was not actually a member of the father's household, yet if she were not in the actual service of another, and the father had a right to recall her to his own service, he may maintain the action the same as if she actually had been recalled or had returned.    Third. But if the daughter was actually in the service of another, no action could be maintained by the parent, because the conditions which support it did not then exist.    In such a case, the person in whose employ she was for the time being might maintain the suit, unless he himself were the wrongdoer, in which case it could not be brought at all.    To this last statement this exception is to be made: that if the defendant procured the woman to enter his service fraudulently, and for the purpose of withdrawing her from her family and seducing her, this is a wrong which precludes his claiming any rights or protection as master, and the parent may support any

action as if the hiring had never taken place." He then adds: "This statement of the law is sufficient to show some of its absurdities, and to justify some recent statutory changes." We are of the opinion that the main purpose of the statute was to meet such cases as these, especially those stated in the third subdivision.

There is a large class of unmarried females, both old and young, who are employed away from home as domestics, shop girls, clerks, school teachers, and in many other ways, who live temporarily at or convenient to the place of their employment, who have no permanent home except their father's house, where they go but occasionally, except when they are sick or out of employment. It seems to us that the statute was intended mainly to cover such cases as these, where the father's home is in fact the home of the daughter, even though most of her time is spent elsewhere, and in all such cases proof of loss of service is not necessary.

Section 33 provides "the father, or in case of his death, or desertion of his family, the mother," may maintain the action. If the action cannot be maintained by the father where he has deserted his family, why should he maintain it when the daughter is for no purpose a member of the family? It seems to us that under such a statute it would be absurd to hold that the father could maintain an action for seduction of a daughter 50 or 60 years old, who had not been a member of his family for 30 or 40 years, whether she was married or single. The statute only applies so as to enable the head of the family to maintain an action for the seduction of a member thereof.

The complaint in this case does not allege that the daughter, Maggie, is a member of plaintiff's family, and for this reason we hold that it does not state a cause of action, and the order overruling the demurrer should be reversed. So ordered.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 140.)