## PEOPLE v. FRIEDMAN.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

RAPE (§ 48*)—EVIDENCE—STATEMENTS OF FEMALE.

> While, on a prosecution for rape, evidence that the female made some complaint of commission of the crime is admissible, details of the story she told as to the manner of its commission may not be given.
>
> [Ed. Note.—For other cases, see Rape, Cent. Dig. § 68; Dec. Dig. § 48.*]

Appeal from Kings County Court.

Samuel Friedman was convicted of rape, and appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

E. P. Seelman, for appellant.

Peter P. Smith, Asst. Dist. Atty., and John F. Clarke, Dist. Atty., for the People.

CARR, J. This is an appeal from a judgment of the County Court of Kings county, by which the defendant was adjudged guilty of the crime of rape in the second degree, and sentenced to prison for an indeterminate sentence of a minimum of 5 years and 6 months and a maximum of 9 years and 6 months. The victim of the alleged

rape was a girl of about 15 years of age. As she was below the statutory age of consent, sexual intercourse with her constituted the crime of rape, whether it was accomplished with force or not. It was quite satisfactorily shown that some one had sexual intercourse with the girl near the time of the commission of the alleged cime. The girl testified that the defendant was the individual.

The statute, however, provides that no conviction of rape can be had upon the unsupported testimony of the complainant. This provision of the statute is derived from the common law, and has been applied for centuries. As has been said frequently, it has its origin in the fact that crimes of this nature are easily charged and very difficult to disprove, in view of the instinctive horror with which mankind regards them. The rules of law and procedure governing the trial of a defendant on a charge of this character have been so long settled that there is little excuse when they are violated. As some proof tending to support the charge of the complainant, the people are permitted to prove that the alleged victim of the crime promptly made some outcry at or after the commission of the crime, or made some complaint as to its commission. Evidence of this nature being hearsay in its character, the rule which makes it admissible at the same time surrounds its reception with well-defined safeguards. While the prosecution may show that the victim made a complaint of the occurrence, it cannot, on direct examination either of the complainant or of the person to whom the complaint was made, prove the details of the complaint. Baccio v. People, 41 N. Y. 265.

In the case at bar, the prosecution gave evidence on the part of the mother of the complainant, on the next morning after the commission of the alleged crime; and, over the objection and exception of the defendant, the mother was permitted to testify to the details of the girl's story as to the manner in which the crime was committed. This manner of proof is precisely what was condemned in Baccio v. People, ut supra, where the admission of similar evidence led to the reversal of a judgment of conviction. No matter how great our horror as to the crime of rape, the law must always be kept in mind sharply, and all the more so because of the strong temptation either to convict or to sustain a conviction.

The judgment of conviction of the County Court should be reversed, and a new trial ordered. All concur.