■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN TALVE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 15, 1978, convicting him of criminal injection of a narcotic drug, upon a jury verdict, and imposing sentence. Judgment affirmed and case remitted to Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). On the morning of March 13, 1976 the body of the deceased, 18-year-old Denise Cowen, was discovered in a bedroom of her family's home. The medical examiner determined that the cause of death was "acute narcotism." Several months later, the defendant, an attorney, was arrested in connection with Ms. Cowen's death. He was subsequently indicted for manslaugh-

ter in the second degree, criminally negligent homicide, and criminal injection of a narcotic drug. Following a jury trial he was acquitted of the homicide charges but was convicted of criminal injection. He now appeals. The defendant's conviction rests primarily on his own admissions made to civilian witnesses. One such witness testified that in March, 1976 he was present in an apartment with the defendant and others. The defendant was upset and said that he had been with a girl who had died. He explained that he had given her an intermuscular shot "in the behind" and she had passed out. He had left without rendering medical assistance because he feared that his legal career would be jeopardized by his involvement in the episode. In recounting these events the defendant stated that the girl's name was Denise. A second witness, who was also present when the admissions were made, testified that the defendant appeared anxious and upset and revealed that he had been in a house with a young woman and had injected a small amount of heroin into her buttocks. The defendant said that he had panicked and left when the woman had lost consciousness. The central issue raised on this appeal is whether the prosecution produced independent evidence sufficient to corroborate the defendant's confession. CPL 60.50 provides that a criminal conviction may not rest solely upon a defendant's confession or admission "without additional proof that the offense charged has been committed." This is but one of a number of statutes requiring corroboration in certain types of criminal cases. The quantum of corroborative evidence called for in each instance reflects the policy considerations underlying the specific provision. Hence, the former strict corroboration requirements in sex offense cases (see Penal Law, former § 130.15, L 1972, ch 373) was predicated upon the once widely held view that charges of sexual misconduct were easily made and difficult to disprove (see *People v Friedman,* 139 App Div 795, 796). Similarly, the requirement that accomplice testimony be corroborated by evidence tending to connect the defendant with the crime (see CPL 60.22) grew out of the danger that an accomplice, himself subject to prosecution, might attempt to limit his criminal exposure by shifting culpability to the defendant (cf. *People v Kress,* 284 NY 452, 458-459). The corroboration requirement for confessions, however, is aimed only at obviating the "danger that a crime may be confessed when no such crime in any degree has been committed by any one" *(People v Lytton,* 257 NY 310, 314; see *People v Murray,* 40 NY2d 327). Since it is a rare instance in which an individual will confess to a crime which was never committed, the evidence needed to corroborate a confession is minimal. It may be direct or circumstantial and need not exclude every hypothesis but guilt *(People v Cuozzo,* 292 NY 85, 92). Indeed, it need not connect, or even tend to connect, the defendant with the commission of the crime *(People v Jennings,* 40 AD2d 357, affd 33 NY2d 880). Instead, the statute is satisfied "by the production of some proof, of whatever weight, that a crime was committed by someone" *(People v Daniels,* 37 NY2d 624, 629). The defendant's "presence at the scene, proof of motive, evidence of flight and other conduct indicating a consciousness of guilt may * * * be held to constitute the essential additional proof" *(People v Reade,* 13 NY2d 42, 46). In the case at bar, we conclude that the People produced evidence, independent of the confession, sufficient to satisfy this standard. A witness testified that on at least two occasions he had seen the defendant inject himself with heroin using his own hypodermic needle. He carried the needle and other drug implements in his attache case. The deceased's brother, Daryl, testified that, about seven days before the incident, the defendant had offered him narcotics, and there was some suggestion in his testimony

that the drug was to be administered by injection. Daryl testified further that on the night in question he knocked on his sister's bedroom door but no one answered and the door was locked. Five or ten minutes later Daryl returned to the bedroom and again knocked on the door. This time the defendant opened it and Daryl saw his sister lying on the bed, wheezing and struggling for breath. When he expressed concern the defendant assured him that Denise had "had some downs" and would be all right in the morning. This statement was later proven false by the results of a toxicological examination which showed morphine in the deceased's bile and urine, and a trace of amtriptyline in her liver. According to expert testimony, amtriptyline is not a "down", but an antidepressant prescription drug used to elevate mood, akin to a so-called "upper". Moreover, the presence of morphine in the bile and urine was presumptive evidence of the intake of heroin. The failure of the medical examiner to find a puncture wound on the deceased's body was not determinative on the manner of ingestion since expert testimony was adduced establishing that an injection would not necessarily leave a detectable wound. Significantly, Daryl testified that as he entered the bedroom to assist his sister, the defendant ran down the stairs and out of the house carrying an attache case. When Daryl reached his sister she was conscious but could not speak. Daryl later left the house, asking his younger brother to keep an eye on Denise. By the following morning, however, she was dead. We are of the view that this independent evidence, although arguably susceptible of innocent construction, is nevertheless sufficient to indicate that the charged crime was committed. The defendant's full confession furnished the key to explain that evidence, and nothing more is required (see *People v Jaehne,* 103 NY 182, 199-200). Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.