JOSEPH W. WALTER, plaintiff in error, *vs.* THE PEOPLE, defendants in error.

Where a physician had sexual connection with a female patient, a single woman thirty years of age, on two occasions, while attending her in a professional capacity; she testifying that he told her she had a disease of the womb, and that a physical examination was necessary; that he professed to be making such examination, while doing the acts, which she believed to be true; that this occurred in the parlor of her brother's house, in the day time, while the wife of her brother was in an adjoining room; but that, though she submitted with much reluctance, she made no outcry, and made no revelation of the occurrences until after she had been told that she was pregnant; *Held* that such a statement, made by a female of mature age and possessing any intel-

Walter *v.* The People.

lectual capacity, ought not to be allowed to become the basis of judicial action.

*Held, also,* that a charge of the judge to the jury that "as to the degree of force used, in a case like this, where resistance is not made, by reason of a representation leading the female to believe that sexual penetration of her body is necessary for the recovery from disease, the force used in ordinary sexual intercourse is sufficient to constitute a rape," was erroneous.

The prisoner's counsel requested the court to charge that "even if the defendant had accomplished his alleged purpose by fraud, without intending to use force, then such fraud does not constitute rape, unless the evidence shows that the defendant intended to use force, if the fraud failed." The court refused so to charge. *Held,* that the proposition was, in several aspects of the case, correct, and that the jury should have been instructed accordingly.

WRIT of error to the court of sessions of Kings county. The plaintiff in error was indicted under section 22, art. 2, chap. 1, part 4, of the Revised Statutes, for a rape upon Lucy S. Jones, and was tried and convicted of that crime, in that court, in December, 1865, and sentenced to imprisonment in the state prison for ten years.

*N. Millard,* for the plaintiff in error.

*S. D. Morris,* district attorney for the people.

*By the Court,* GILBERT, J. The plaintiff in error has been convicted of the crime of rape, and is now imprisoned in the state prison under a sentence upon that conviction. The case is before us on a bill of exceptions.

The plaintiff in error is a physician having a wife and four children. The prosecutrix is a single woman thirty years of age. The commission of the offense rests upon her testimony, alone. Her evidence, briefly stated, is, that the plaintiff in error, while attending her in a professional capacity, told her that she had a disease of the womb, and that a physical examination was necessary ; that she submitted with much reluctance ; that he had carnal connection with her, on two occasions, while professing to be making such

examination ; that this occurred in the parlor of her brother's house, in the day time, while the wife of her brother was in an adjoining room ; that she made no outcry ; that she believed that while the plaintiff in errror was doing these acts, he was making a medical examination in the usual way ; and that she made no revelation of these occurrences until after she had been told that she was pregnant.

No one, we think, would seriously contend that such a statement, made by a female of mature age, and possessing any intellectual capacity ought to be allowed to become the basis of a judicial action. The effort of the prosecution, therefore, was to show that the mental condition of the prosecutrix was such as to render her testimony credible. This effort failed.

The only testimony on this point come from Dr. Stickney, who had known her twenty years. He testified that "she is not an imbecile, but not a smart or strong minded girl."

Farther comment on the facts is unnecessary.

The court, among other points, charged the jury as follows : "As to the degree of force used in a case like this, where resistance is not made by reason of a representation leading the female to believe that sexual penetration of her body is necessary for the recovery from disease, the force used in ordinary sexual intercourse is sufficient to constitute a rape." An exception was taken to this part of the charge.

The prisoner's counsel requested the court to charge several propositions presenting the point, that the force requisite to constitute the crime of rape had not been proved, and also this proposition, namely ; that "Even if the defendant had accomplished his alleged purpose by fraud, without intending to use force, then such fraud does not constitute rape, unless the evidence shows that the defendant intended to use force, if the fraud failed ;" but the court refused to modify the charge, and the prisoner's counsel excepted.

We are of opinion that the proposition, quoted from the charge, is erroneous. No authority has been cited sustaining such a proposition. The remark of Mr. *Wharton* in his treatise (*Crim. Law*, § 1144) cannot be regarded as having the sanction of his learning and ability. It rests upon no other foundation than a note of the reporter in 1*st Whee. Cr. Cas.* 381, which states a mere rumor of a decision by Mr. J. Thompson. Loose statements of that kind are entitled to no consideration whatever. Principles contrary to those laid down by the court below have been frequently asserted. (*See authorities cited in Roscoe's Cr. Ev. 6th ed.* 278, 806. *See also The People* v. *Bransby*, 32 *N. Y. Rep.* 528 ; 2 *Bishop's Cr. L.* §§ 1078, 1080.)

We are also of opinion that the proposition contained in the request of the prisoner's counsel, which we have quoted, was in several aspects of the case correct, and that the jury should have been instructed accordingly. (*Rex* v. *Jackson*, 1 *R. & R.* 487. *Regina* v. *Clark*, 29 *Eng. Law and Eq. R.* 542. *Com.* v. *Field*, 4 *Leigh*, 648. *Roscoe's Cr. Ev.* 806. 2 *R. S.* 636, § 22.)

The judgment, therefore, must be reversed, and as the evidence makes out no offense against the prisoner, he is absolutely discharged. (2 *R. S.* 731, § 24.)

