MORRIS HIGGINS, Plaintiff in Error, *v.* THE PEOPLE OF THE
STATE OF NEW YORK, Defendants in Error.

Upon the trial of an indictment for rape the effect of the fact of delay on
the part of the prosecutrix in making complaint of the outrage, as a
circumstance tending to her discredit, depends upon the surrounding cir-
cumstances. The law requires promptness, but a failure to make an
immediate outcry may be excused or justified. It is not required to be
made to the first person seen.

Upon the trial of such an indictment the prosecutrix testified that she
arrived in New York an entire stranger. Having lost her baggage she
was inveigled into a basement, under a pretence of finding it, where the
crime was committed. Upon coming out into the street she met a
woman who asked her what the matter was, also a policeman who took
her to the station-house. To neither of these did she state the real
offence she alleged to have been committed. But it appeared that as
soon after her arrival at the station-house as her excitement would admit
of her making an intelligible statement, she stated the facts to the police
captain. Defendant's counsel requested the court to charge, that " if
the jury believe the prosecuting witness did not make prompt disclosure
of the alleged wrong it is a circumstance against her, casting a great
discredit on her testimony and tends strongly to disprove the truth of the
accusation." This the court refused to charge. *Held,* that, conceding
the proposition to be entirely accurate, it was an abstract one as there
was no ground for saying the disclosure was not sufficiently prompt, and
it was not error, therefore, to refuse so to charge.

(Argued September 21, 1874; decided September 29, 1874.)

ERROR to the General Term of the Supreme Court in the
first judicial department to review judgment affirming a judg-
ment of the Court of General Sessions of the Peace, in and
for the city and county of New York, entered upon a ver-
dict convicting plaintiff in error of the crime of rape.

The prosecutrix, Mary O'Brien, testified, in substance, that
she came to New York from Philadelphia by the cars; that
upon her arrival, early in the morning, she could not find her
baggage; that she was accosted by the prisoner who said he
was the baggage-master and would get her baggage if she
would go with him; that he took her into a basement about
two squares from the ferry and then committed the offence

charged, after which he allowed her to depart. Upon emerging into the street she met a woman who asked what was the matter, the prosecutrix replied that nothing was the matter. She soon after met a police officer to whom she stated that she had lost her baggage and that they had her locked in a room and wanted to do something bad to her. She went with the policeman to the station-house, and in a short time, stated the facts to the police captain. The latter testified that when he first saw the prosecutrix she was pale, her hair disheveled, she moaned and cried and seemed much excited; that he took her into his room and after she became quieted he asked her to tell him what was the matter and she then told him her story; that she gave a description of the offender and the prisoner was arrested and identified.

At the close of the evidence the prisoner's counsel asked the court to charge, among other things, " if the jury believe the prosecuting witness did not make prompt disclosure of the alleged wrong it is a circumstance against her, casting a great discredit on her testimony and tends strongly to disprove the truth of the accusation." This the court refused to charge and the counsel for the prisoner duly excepted.

*Wm. F. Howe* for the plaintiff in error. The case depending solely upon the credit of the prosecutrix, the greatest caution in convicting was called for. (*People* v. *Hulse,* 3 Hill, 315.) The refusal to charge as requested in reference to prompt disclosure of the alleged offence was error. (Hale's Pleas of Crown, 632, 633; 2 Arch. Cr. Pl., 169; 1 Russ. on Crimes, 688; *Conkey* v. *The People,* 5 Park., 35; *People* v. *Jackson,* 3 id., 397.)

*Benj. K. Phelps* for the defendants in error.

Church, Ch. J. The principal point is upon the following request to charge: " If the jury believe the prosecuting witness did not make prompt disclosure of the alleged wrong, it is a circumstance against her, casting a great discredit on her

testimony, and tends strongly to disprove the truth of the accusation." This proposition is doubtless substantially correct, although it is quite general and somewhat vague. Any considerable delay on the part of a prosecutrix to make complaint of the outrage constituting the crime of rape, is a circumstance of more or less weight, depending upon the other surrounding circumstances. There may be many reasons why a failure to make immediate or instant outcry should not discredit the witness. A want of suitable opportunity, or fear, may some times excuse or justify a delay. There can be no iron rule on the subject. The law expects and requires that it should be prompt, but there is and can be no particular time specified. The rule is founded upon the laws of human nature, which induce a female thus outraged to complain at the first opportunity. Such is the natural impulse of an honest female. But if instead of doing this she conceal the injury for any considerable time, it naturally excites suspicion of fraud, and tends to discredit her.

In this case the prosecutrix was an entire stranger in a great city, without a friend or acquaintance, and, if her evidence is to be credited, having lost her baggage she was inveigled into a basement under the promise of recovering it, and there ravished. When she regained the street she met a woman who asked her what the matter was, and a policeman who took her to the station-house, to neither of whom did she state the real nature of the injury which had been inflicted upon her; but a short time after arriving at the station-house she did state the facts to the police captain, and the prisoner was arrested.

The request as to a prompt disclosure had no pertinency to the facts of the case. It was an abstract proposition, which, if entirely accurate, it was not error to refuse. There was no ground for saying that the disclosure was not sufficiently prompt. The rule does not require that it is to be made to the first person who happens to be seen. A proper opportunity must be presented. Excited and frightened as the prosecutrix is shown to have been, it was natural that she should

refrain from making any disclosure either to the woman, or even to the policeman, although she did state enough to the latter to induce him to arrest one of the persons supposed to be concerned. The police captain at the station testifies that she was very much excited when she arrived there, and that it required some time to get her in a condition to make an intelligible statement, and that she did make it on the same day and as soon as she was in a condition to do so.

We think that the facts would not warrant the jury in discrediting the witness on the ground of a want of promptness in making the disclosure.

The other points made are not tenable, and are fully answered in the opinion of the court below.

The judgment must be affirmed.

All concur.

Judgment affirmed.