## Rodney Rogers v. The People.

*Rape: Resistance: Cross-examination of prosecutrix.* On the trial of a charge of rape, where the case turns almost wholly upon the testimony of the prosecutrix, a wide latitude should be allowed on cross-examination as to facts having a legitimate bearing on the question whether the act imputed to defendant was against her will; and where the proofs were not very decided upon the fact of resistance, it was held error to exclude inquiries on cross-examination as to whether the prosecutrix voluntarily made statements of the transaction, and whether she prosecuted the defendant of her own motion or at the instigation of others.

*Heard June 14. Decided June 20.*

Error to St. Clair Circuit.

*Chadwick & Voorheis,* for plaintiff in error.

*Avdrew J. Smith, Attorney General,* for the People.

GRAVES, J:

Plaintiff in error was convicted of the crime of rape upon Rachel Betten, a girl about eighteen years old. The offense was alleged to have been committed in January, 1875, near Mill Creek, in St. Clair county, and the testimony tended to show that it was in the woods near the road, and in plain view of it. She swore that in passing along the highway from a place called Ruby, towards her father's house, she fell in with defendant, and walked and conversed with him; that he insisted on carrying an oil can she had with her, and asked her to go into the woods to see an animal he said he had trapped; that she declined to go into the woods with him, and he caught her and took her in and then outraged her; that the act was committed about three o'clock in the afternoon, and that immediately after its perpetration he left her and she went on to her father's; that on the way she stopped at the first house, being that of Mr. Welch, and then informed Mrs. Welch part of what had occurred. It

is not necessary to detail all her testimony.   In view of
the circumstances, as she gave them, it was especially impor-
tant that the jury should have laid before them whatever
she could state having a legitimate bearing on the question
whether the act imputed to defendant was against her will,
and to this end it was incumbent on the court to be very
tolerant to cross-examination of her.   Whether the defend-
ant should be convicted or not, depended upon her evidence,
and the nature of the offense suggests the necessity for great
caution where the proof is not very decided upon the fact
of assent, however full upon the other points.

Now on her direct examination she swore that she related
part of the transaction to Mrs. Welch, and also to her mother,
and that she afterwards stated the whole of it to Mr. Welch,
and went before Mr. Westbrook, a justice, and told it.   She
was then asked on cross-examination if she told the whole
voluntarily, or whether others came and asked her about it,
and also whether she wanted to prosecute defendant for what
he did, or if she was told by some one else she must prose-
cute him.   This was excluded on objection by the prosecut-
ing attorney.

These inquiries would seem not to have been very impor-
tant in themselves, but we think they bore somewhat upon
the point whether or no the defendant's act, supposing it
to have been committed, was against her will, and should
have been admitted.   If an account of the fact was drawn
from her by persuasion or the influence of authority or fear,
and if she was only brought to prosecute because she was
told she must, then her attitude in regard to the affair was
more open to a construction against the claim that she was
forced, than if she had revealed the facts voluntarily and
had of her own accord proceeded to prosecute.   At the
same time it should be borne in mind that such reluctance
on her part would not necessarily be inconsistent with her
having refused to yield.   The matter would have to be con-
sidered by the jury with the other facts, and would be sub-

ject to their interpretation in the light of all the circumstances.

Some other objections are stated, but there are none of any force which will be likely to arise on another trial.

The judgment must be reversed; and a new trial ordered, and the defendant must be surrendered to the sheriff of St. Clair county to be dealt with according to law.

The other Justices concurred.