The judgment and conviction should be affirmed.

BOOKES and LANDON, JJ., concur.

---

## Supreme Court—General Term—Second Department.

*September,* 1884.

## PEOPLE *v.* BOWLES.

### RAPE.—EVIDENCE.

That the injured party made complaint immediately after the rape, is admitted only in support of direct evidence of the criminal act ; but the order in which the evidence shall be taken is within the discretion of the trial judge.

Where it appear that no complaint was made to any one till a day or two after the rape, the prosecutrix may state why she did not speak sooner and tell other persons.

It is proper for the prosecutrix to testify, that she did not consent and resisted all she could; these declarations being in aid of proof of facts to the same effect.

It is not a matter of law whether the resistance is all which is required in such cases, but one of fact ; and evidence that prosecutrix was unable, through bodily weakness, to make any resistance or outcry, is proper for the consideration of the jury.

Where the rape was committed by two men successively, one being the prisoner and both being present throughout the occurrence, what was said and done by one is part of the transaction and admissible as such, as is also the conduct of prosecutrix during his intercourse with her, though he be not the offender on trial.

APPEAL from a judgment of the Court of Sessions of Kings County, December 26, 1883. Hon. HENRY A. MOORE, county judge, presiding, with associates and a jury, convicting the defendant Thomas H. Bowles of the crime of rape.

The defendant and one Richard Curran were jointly indicted in said court, December 7, 1883. Defendant pleaded not guilty and demanded a separate trial. Curran pleaded guilty and appeared as a witness for the people.

Henricke Ehret was a German woman, who had been in this country for about six months previous to this rape committed upon her. She could not speak the English language. She had lived at the Lutheran Hospital, and at a Mrs. Weber's house in East New York, where she was brought to bed of a child, which was born in September, 1883. Nine days after this child's birth, it was decided to send her to the hospital at Flatbush, Kings county. The contractor with the charity commissioners directed the defendant Curran, his employee, to call for Henricke Ehret, and carry her to this hospital. Curran, taking the defendant Bowles with him, drove to Mrs. Weber's house in a wagon with a top and sides. The woman Ehret was raised up in bed and dressed. Her feet were tied in her skirts by one of the defendants, and then Curran and Bowles carried her down stairs, and placed her so that she lay down in the bottom of the wagon. They sat on the front seat together. The start for the hospital was made at half-past four in the afternoon. The hospital was about two miles distant from this house. It was between seven and half-past seven in the evening when the men brought the woman to this destination. After they had been about half-an-hour on their journey the wagon was stopped, and these defendants came back into the wagon, unbuttoned the clothing of Henricke Ehret, and each one in turn had sexual connection with her. She testified that she was so weak that she was unable to do anything by way of. resistance, and was too weak even. to call out.

As to the degree of resistance necessary by the female, the judge charged the jury as follows :

" It has always been a cardinal rule in cases of rape that the

female upon whom this crime is attempted must make all the resistance she can. If she fails to do that and does not resist when she could have prevented the act by resistance, the courts have said it is fair to presume the act is not altogether without her consent. But, gentlemen, a moment's reflection will show you that the resistance a woman is capable of making depends on the circumstances of the case. She is not always even compelled to resist. If through fear of some great injury to her she does not resist, that is enough; but where she can resist and where her senses are not overcome by fear, she must resist, the rule being almost invariable that she must resist to the extent of her ability. What amount of resistance there should be depends upon the resistance she is capable of making. If she be a strong, stalwart woman, attacked under circumstances where she has the free use of her limbs and arms and fails to use them, it would not be too much to say the act was not against her will; but if she uses them to the extent of her ability, and notwithstanding that, the act is accomplished, that is rape. If a weak, sickly, delicate woman, with very little physical strength is attacked, you would not expect the same amount of resistance from her as you would from the other. It would not be possible for her, in the nature of things, to offer that amount of resistance; but the rule is that all the resistance must be offered that the female is capable of making. Now, under that rule the question in this case is: if this woman was ravished—if sexual intercourse was had with her, did she make all the resistance she was capable of making?" In a case in the Court of Appeals the rule was laid down by Judge Folger in these words:* . . . "If a female apprehending the purpose of a man to be that of having carnal knowledge of her person, and remaining conscious, does not use all her powers of resistance and defense, and all her powers of calling others to her aid, and does yield before being overcome by greater force or by fear, or being surrounded by hostile numbers, a jury may infer that, at some time in the course of the act, it was not against her will. Of course the phrase 'the utmost resistance' is a relative one; and the resistance may be more violent

* People v. Dohring, 59 N. Y. 374.

and prolonged by one woman than another, or in one set of attending physical circumstances than another. In one case a woman may be surprised at the onset and her mouth stopped so that she cannot cry out, or her arms pinioned so that she cannot use them, or her body so pressed about and upon that she cannot struggle. But whatever the circumstances may be, there must be the greatest effort of which she is capable therein to foil the pursuer and preserve the sanctity of her person. This is the extent of her ability.' The greatest effort of which she is capable, that is the point ; that is the rule as laid down by the Court of Appeals—' the greatest effort of resistance of which she is capable.' That is the extent of her ability as understood by the law, as interpreted and settled by the Court of Appeals."

A. H. Dailey, and J. D. Bell, for the prisoner, appellant.— I. The witness, Weber, was asked by the district attorney : " Did she (complainant) tell you anything about what happened to her while she was going out to the hospital ?" and her answer was, "Yes." Then she was further asked : " What did she tell you ?" To this, objection was made. The court then said, " You may ask her this question : Did she at that time complain of any ill-usage ?" To this appellant excepted. She was then asked, " Did she complain that anybody had ill-used her while going out to the hospital ?" and permitted to answer over objection and exception, "Yes." The prosecution got all it was entitled to by the answer to the first question above. This is more than a mere question of the order of proof. The appellant was gravely compromised and injured by this testimony ; it prejudiced the jury to start with ; then, again, it was very well designed to induce the jury to believe that complainant was sustained in her story by Weber, because the latter was permitted to say that prosecutrix complained that somebody had ill-used her while going to the hospital.

II. The complaining witness was asked by the district attorney " Did you consent that either of these men should have intercourse with you.?" and was permitted to answer over objection and exception, " I was not willing, neither did I consent." The rules of evidence require facts to be proved ; the people had

to show as part of its case, that the complaining witness did not consent, but this was to be shown by acts—what she did at the time—not by mere assertion months afterwards. That the defendant was prejudiced by it is clear, as the court assumed throughout the charge that she did not consent, though there was nothing outside of this declaration to show absence of consent

III. The district attorney asked complainant, "Did you tell any body after that, what they had done to you?" To which she replied, "No." The court permitted the district attorney to ask the reason. To this ruling, appellant excepted, and the witness then added the reason: "I thought these men belonged to the hospital." It is wholly immaterial why she didn't tell. The state of the proof was that a few days after the alleged occurrence, she told Dora Weber about it. It is not, therefore, as though months of silence had to be excused.

IV. Curran, who turned state's evidence, was asked by the district attorney, "Did you have intercourse with her? A. "Yes." Q. "What did she do while you were having intercourse with her?" To which the witness answered that she did nothing; that she did not move at all. This was objected to as immaterial. The court overruled the objection on the ground that "whatever she did in the presence of both of them was competent." These men were jointly indicted, but they were not indicted for conspiracy; and if they had been so indicted no evidence of conspiracy was introduced. But how, in any view, can any act of the complaining witness, in response to an indignity offered by one of the defendants, be competent proof against the other unless it is shown that one was aiding the other in the commission of the crime. These persons, Bowles and Curran, were lawfully together, and in such case, the one who commits a crime without the concurrence of the other, is alone guilty. Mere presence is not enough; there must be some act or word tending to incite, procure, or encourage the act. 1 *Bish. Crim. L.* §§ 633, 634.

V. The evidence is clear that there was no resistance—no outcry—on the part of complainant. It is just as clear that there were neither threats nor violence on the part of her alleged assailants. The crime charged in the indictment does not come

under either of subdivisions 1, 2, 5, or 6, of section 278 of the Penal Code. That the evidence excluded it from subdivision 4, is clear. It remains, then, that the prosecution should have shown that her resistance to the act of sexual intercourse was forcibly overcome (subd. 3.) The case will be searched in vain for any such proof. The evidence is that she did not resist at all. If, therefore, the complainant comes only under subdivision 3— and that cannot be successfully contested—there is a total want of proof of the offense charged and the appellant should not have been convicted. People v. Dohring, 59 N. Y. 374. There were no facts shown from which it could be inferred that she did not consent. It is part of the affirmative case of the people, to show the absence of consent, when that is a necessary ingredient in the crime. People v. Bransby, 32 N. Y. 525. That Henricke was able to consent, and able to resist if she did not consent, the case shows. That she knew what was happening she declares. She was twenty-four years old—a mature woman. It is not asking too much, that at least as much should be demanded of her as was asked of the child, fourteen years old, complaining witness in People v. Dohring, supra, and if the rule there laid down is applied here, appellant will be successful.

*James M. Ridgway*, district attorney, for the people, respondent.—I. As to resistance, all that the law requires is that the woman should resist to the extent of her ability at the time and under the circumstances. People v. Dohring, 59 N. Y. 374. The facts were submitted to the jury, and they found that under the circumstances and at the time, she was unwilling and did not consent, and that under these circumstances all the resistance possible was made. She was so weak and ill, and so completely in defendants' power that she could not offer actual positive physical resistance. She did all that the law required of her at the time and under the circumstances. There is no doubt to be cast upon the story because the woman allowed a day to intervene among strangers at the hospital, and first told the story the next day to her friend Mrs. Weber and another woman on the first occasion that she saw the friendly face of one speaking her own tongue ? In a word, she

complained at her first opportunity, and this is all that the law requires should be done. Higgins v. People, 58 *N. Y.* 379.

II. Evidence of complaint made in such cases is always admissible, and is wholly competent to show that fact. Baccio v. People, 41 *N. Y.* 265 ; *Whart. Crim. Ev.* § 273 ; 3 *Stark. Ev.* 951. The order of proof rests in the discretion of the trial court. Bedell v. Powell, 13 *Barb.* 183.

III. The question, asking complainant if she consented to the intercourse, was perfectly proper. Woodin v. People, 7 *Park.* 464.

IV. It was perfectly competent for the witness to give a full answer containing the reason for her silence on the first day. *Whart. Crim. Ev.* § 356.

V. Curran's evidence as to what complainant said or did when he had intercourse with her, was admissible, it being in the presence of both of them.

BARNARD. P. J.—It is proper evidence in support of an indictment for rape that the injured party made complaint immediately after the occurrence. It is not admitted as evidence of the criminal act, but in support of direct evidence of such an act. Baccio v. People, 41 *N. Y.* 265. The order of proof is within the discretion of the court, and the admission of the complaint made by the prosecutrix to Mrs. Weber, soon after the occurrence, was proper, in view of the subsequent proof of the offense by direct evidence. The prosecutrix could state why she did not tell other persons. If the fact of immediate complaint is simply in aid of the proof of facts, any fact which tends to weaken the effect of the absence of it, may go to the jury.

So, also it was proper for the prosecutrix to testify that she did not consent, and that she resisted all she could. These declarations of results were in aid of facts, which very clearly showed that she told the truth, and the jury have so found. It was not a matter of law whether the resistance was all which the law requires in such cases, but one of fact for the jury. Higgins v. People, 58 *N. Y.* 379. If the facts were before us, we could entertain no doubt, but that the case was an exceedingly aggravated one of rape under the law. The rape was done by

two men of whom one was the prisoner. They were together, and what was said and done by one, was part of the transaction even if he be not the particular offender upon trial.

The conviction should be affirmed.

PRATT and DYKMAN, JJ., concur.