## PEOPLE v. MORRIS.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

1. RAPE—CORROBORATING PROSECUTRIX.
On an indictment for rape on a girl under the age of 16 years, she and her step-father testified that, after she had disclosed to him the commission of the offense, he took her to the residence of defendant, and, the latter's wife being present, the stepfather accused him of the crime, the girl narrating the circumstances; and that defendant was greatly agitated, and made no denial, but, when importuned by his wife to say if he had done so, nodded his head affirmatively. *Held* that, even though the stepfather was entitled to but little credit as a witness, there was sufficient corroboration to sustain a conviction under Pen. Code N. Y. § 283, providing that no conviction can be had in such a case upon the testimony of the female defiled, unsupported by other evidence.

2. SAME—AGE OF PROSECUTRIX.
The mother of the girl having testified as to the age of the girl, that being an essential element of the offense, the prosecution refrained from offering further evidence of the fact, on the assurance of defendant's counsel that no question was made that she was under 16. *Held,* that the exclusion of evidence to discredit the mother was not cause for reversal.

Appeal from court of general sessions, New York county.

Indictment against George W. Morris for rape on a female under the age of 16 years. At the trial the girl testified to the circumstances of the offense, and that she, more than a month afterwards, disclosed the fact to her stepfather, and both testified, substantially, that thereupon he took her with him to defendant's residence, and, defendant's wife being present, accused him of having done a great injury to the girl, and she, at her step-father's request, narrated the circumstances of her complaint, to which defendant made no denial, but appeared to be overcome by agitation, and, when importuned by his wife to say whether this was so, nodded his head affirmatively. The mother of the girl testified that the latter was in her fifteenth year. Defendant appeals from a judgment of conviction. Pen. Code N. Y. § 278, provides: "Rape is an act of sexual intercourse with a female not the wife of the perpetrator, committed against her will, or without her consent. A person perpetrating such an act, or an act of sexual intercourse with a female not his wife, (1) when the female is under the age of sixteen years, or," etc., is punishable, etc. Section 283 provides: "No conviction can be had for abduction, compulsory marriage, rape, or defilement, upon the testimony of the female abducted, compelled, or defiled, unsupported by other evidence."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Purdy & McLaughlin,* for appellant. *John R. Fellows,* Dist. Atty., *(McKenzie Semple,* of counsel,) for the People.

VAN BRUNT, P. J. The principal point raised upon this appeal is that there was no corroboration of the complainant's story, as required by section 283 of the Penal Code. The answer made by the district attorney is that the corroboratory evidence was amply sufficient to satisfy this requirement, but he has nowhere taken the trouble to call the attention of the court to where such evidence is to be found in the case, or what it was; and it has been necessary for us to examine the record, and the points of the appellant, for the purpose of ascertaining of what this alleged corroborative evidence consists. It seems to us, upon an examination of the record, that the fact that the defendant was charged with the crime and made no denial, under the circumstances disclosed in the case, was sufficient corroboration to satisfy the requirements of the statute. It may be true that the evidence in this regard came from sources entitling it to but little credit; but of this the jury were the judges, and it does not appear that they have come to an improper conclusion. The extent and the nature of the corroborating evidence are not

fixed by the statute; and by the statute it was only intended to prevent unjust convictions, resting upon the unsupported testimony of a single individual. In the case at bar, as already stated, the defendant was charged with the commission of the crime, and not only made no denial, but seemingly admitted the accusation. This was certainly a satisfaction of the requirements of the statute, as, under the circumstances, silence might well be deemed admission.

It is also urged that the court erred in sustaining the objection to a question put by the defense to one of the witnesses for the prosecution, namely, the mother of the girl upon whom the offense charged is alleged to have been committed. She testified to the age of the child, and, upon cross-examination, was asked: "Is it not true that you are a prostitute?" It is claimed that this question was of vital importance, as she was the only witness to prove the age of the girl; and as proof of this question of age in a case of this description is an essential element, it was of great importance to the defense to discredit this witness, by showing her character and mode of life. An examination of the record, however, shows that, after the witness in question had testified to the age of the complainant, the district attorney exhibited a certificate of the board of health, and stated that she was born in the year which had been testified to by the witness. The district attorney refrained, however, from offering this certificate in evidence, upon the assurance of the counsel for the appellant that he did not make any point in respect to that. The court than said: "There is no question made as to the age of the girl. She is under 16 years of age." And the counsel for the appellant responded: "There is no question of the girl's age. She is under sixteen." This seems conclusively to dispose of the necessity of discrediting the witness, because she had testified to the age of the girl. There seems to be no error calling for a reversal of the judgment, and it should be affirmed. All concur.