### HUFF *v.* THE STATE.

1. On the trial of one indicted for the crime of rape, it is error for the court to refuse to allow counsel for the accused, on cross-examination of the party alleged to have been raped, to undertake to show by her that, after the alleged criminal act, she desired all the time to settle the case and stop the prosecution. Such an error will require a new trial in a close case, especially where the guilt of the accused is entirely dependent upon the credibility of such a witness.
2. Other than as above indicated, there was no material error committed at the trial.

Argued January 16,'—Decided February 4, 1899.

Indictment for rape. Before Judge Reese. Elbert superior court. October 31, 1898.

*Samuel L. Olive*, for plaintiff in error.

*R. H. Lewis, solicitor-general*, by *Harrison & Bryan*, contra.

LEWIS, J. The accused was indicted and convicted for the offense of rape, with a recommendation to mercy. A sentence of twelve years in the penitentiary was imposed upon him by the court. He made a motion for a new trial, which was overruled, and he excepted.

1. It appears from the record that the party alleged to have been raped was introduced as a witness in behalf of the State. On her cross-examination by counsel for the accused, she was asked the following question: "Isn't it a fact that you have wanted to settle this thing and stop it all the way along?" The court refused to permit the witness to answer this question, which ruling was excepted to, and is made one of the grounds in the motion for a new trial. We are inclined to think that, as a general rule, where one is on trial for a crime involving a great personal wrong or injury to another, any conduct of the alleged injured party that might properly be considered by the jury as inconsistent with the theory that such person was injured as alleged, would be admissible in evidence in behalf of the accused. When the alleged victim of the wrong is upon the stand as a witness against the accused, the question as to whether or not counsel for the accused has a right upon cross-examination to inquire into the conduct, acts, or sayings of such a witness after the alleged crime, with the view of show-

ing that such conduct is inconsistent either with the guilt of the accused or with the testimony given by the witness, is free from doubt. The right of a thorough and sifting cross-examination of a witness in all matters material to the issue is one recognized and emphasized by the law, and courts should be cautious in abridging such right. It of course does not necessarily follow that an effort by the prosecutor to settle a criminal case would tend to show either the innocence of the accused, or the want of good faith in the prosecution. This would depend upon the facts and circumstances of each particular case; for instance, upon the nature and gravity of the offense charged, the relation of the parties, and their intelligence and condition in life. As to what weight such testimony would or should have is not a question of law, but one alone for determination by the jury. In *Gaines* v. *State*, 99 *Ga.* 704, it was decided that "Evidence that the father of one accused of crime endeavored to effect a settlement of the prosecution may, in some instances, be competent as affecting the father's credibility as a witness." Justice Lumpkin, in delivering the opinion in that case, on page 605, says: "As the father of the girl testified as a witness for the State, evidence that he undertook to compromise with the father of the accused was unquestionably relevant as affecting the credibility of the witness." It follows, therefore, that the court erred in refusing to allow the witness in this case to answer questions by which it was sought by counsel for the accused to show that she desired or had made efforts to compromise or settle the case and stop the prosecution. Under the facts of this case, we think the error requires a new trial. We do not deem it proper to express or intimate any opinion as to whether or not the testimony was sufficient to authorize the verdict. But we only consider the testimony with the view of determining the materiality of the erroneous ruling of the court. The guilt of the accused, so far as shown by this record, depends entirely upon the credibility of this one witness, who swears to an outrageous and unnatural crime against her own father, an old man, and the head of a family consisting of his wife and eighteen children. We think the error of the court in restricting the cross-examination of this

witness, as above indicated, might, under the facts and circumstances disclosed by the record in this case, have operated injuriously to the accused ; and for this reason a new trial is granted.

2. There were other grounds in the motion for a new trial, complaining of other rulings and charges of the court, but we do not deem them of sufficient merit to require any special attention.    Other than as above indicated, there was no material error of law committed upon the trial.

*Judgment reversed.    All the Justices concurring.*