# SUPREME COURT—APP. DIVISION—FIRST DEPT.,

## May, 1912.

## THE PEOPLE v. ANDREW LONG.

(150 App. Div. 500.)

(1) RAPE*—PROOF JUSTIFYING CONVICTION—CONSENT.

Appeal from judgment convicting the defendant of rape, first degree. The defendant admitted the intercourse, but contended that the complaining witness consented thereto. Evidence examined, and *held*, that the judgment of conviction should be affirmed.

(2) SAME—REASONABLE DOUBT.

The Appellate Division has no power to interfere with a judgment of conviction in a criminal case merely because it may entertain a reasonable doubt upon the evidence. The determination of the question of reasonable doubt is for the jury.

McLAUGHLIN AND MILLER, JJ., dissented, with opinion.

APPEAL by the defendant, Andrew Long, from a judgment of the Court of General Sessions of the county of New York, rendered against the defendant on the 29th day of January, 1912, convicting him of the crime of rape in the first degree, and also from an order denying the defendant's motion for a new trial.

*Stanley Holcomb Molleson,* for the appellant.

*Robert C. Taylor,* of counsel (*Charles S. Whitman,* District Attorney), for the respondent.

CLARKE, J.:

The complainant, Mary Kapalay, nineteen years of age, was born at Oraway, in Austria, had little knowledge of English and was examined through an interpreter. She lived with her

---

* See notes 5-251, 6-178, 24-7.

parents on a farm and had never worked for any one else until she came to America. She had never seen a negro until she came to this country. She had been employed by Mrs. Saffer in household work for five months. The family occupied a seven-room apartment located on the first floor above the ground floor in an apartment house. The defendant was a colored elevator boy in the house, whose hours of employment were from nine A. M. until seven P. M. On December 5, 1911, Mrs. Saffer had gone out, leaving the complainant alone. She had been gone about an hour when, about three o'clock in the afternoon, the defendant " rang " the bell. I opened the door and he came in and he handed me a letter. * * * He said to me, ' Give me a glass of whiskey.' * * * I told him ' I will not give you. I am afraid.' * * * He said ' give it to me.' * * * I went to the kitchen and I gave it to him. * * * He was in the kitchen. * * * After he drank the whiskey he got hold of my arms and dragged me into the bedroom. * * * He put a pillow on my face; he took my legs apart, and he done me something is terrible, that I cannot express before the jury. * * * He uncovered my dress (giving other details). * * * It was in my bed. * * * I was crying and hollering, begging him for mercy. Q. How long was he on the bed with you? A. About fifteen or twenty minutes. * * * He ran away and I remained at home and commenced to cry." Upon cross-examination she testified: " Q. As soon as you started to cry out, the defendant put the pillow over your head? A. Yes, sir. * * * At the time he drank the whiskey he got hold of me and dragged me into the bedroom. * * * He laid me down (on the bed). * * * When he dragged me in, my head fell down. Then he took the pillow and covered my face with it. * * * He just got hold of it and put it on my face. * * * I was struggling there at the time, and I removed the pillow from my face. Q. How long was the pillow over your face? A. I don't know; * * * I was terribly frightened, and I

don't know whether it happened at the time he was on top of me or afterwards. * * * Q. How long were you in the bedroom? A. Between fifteen and twenty minutes. Q. Was the pillow on your head all this time? A. Yes, sir. * * * I know it was on my mouth * * * about fifteen or twenty (minutes); I don't know. * * * Q. (By the Court): Did you say anything to Andrew in the bed, or did he say anything to you? A. I was crying and hollering and begging for help. Q. What did you say to him, if anything? A. I told him to go to hell. * * * Q. (By the Court): After Andrew left your room did you 'phone for him to come back? A. When he left me in the room I was crying, and I said, ' You open the elevator and I will go down and wait until my mistress comes and I will tell her what happened to me.' "

Her mistress testified that she returned at about four o'clock that day, and that about five minutes afterwards the complainant told her about the assault by the defendant upon her.

A physician testified that he examined the complainant on December 10th; that he found black and blue marks on the inner parts of the skin of both thighs, deep down; that they looked like finger marks; there were various spots all over; it was not one big, large discoloration; that these many black and blue marks of discoloration on both thighs indicated violence. He further testified in detail to a condition of ruptured and freshly-torn hymen, which indicated recent sexual intercourse.

The defendant admitted on the stand that he had sexual intercourse with complainant at the time and place testified to. He admitted it to the officer who arrested him, who testified: " I asked him then if she had not resisted him in any way, or put up any kick, and he said, ' Well, a little, not much.' " Another officer testified that the defendant said to him, * * * she kicked, and held her two hands in this position (indicating), * * * "

The defendant testified that he had a conversation with complainant's mistress in complainant's presence. " Q. What did she say to you, and what did you say to her? A. She asked me what did I do to the girl. I told her I hadn't done anything. She said, ' the girl said you dragged her in the bed room and put a pillow over her face,' and I told her I didn't do it. Q. In fact, you told Mrs. Saffer you had not had anything to do with the girl, didn't you? A. I did."

The defense was an admission of the intercourse, a denial of the force, and claim of consent and acquiescence.

A clear question of fact was presented. It is not contended that the court would have been authorized to have directed a verdict of acquittal. There are no errors pointed out in the opinion of Mr. Justice McLaughlin requiring a reversal. This court is to reverse because there was evidence from which it might be inferred that there had been consent or failure to exercise the degree of resistance required by law. There was such evidence if the defendant's story should be taken as true in its entirety. But as I read the case, there was sufficient evidence of force, lack of consent, resistance and prompt complaint to sustain the verdict. That being so, the decision upon disputed facts was for the jury, and not for this court, unless we can see that the judgment was clearly against the evidence. The defendant had a fair trial, so we cannot say that justice requires a new trial. Nor are we authorized to reverse because of the severity of the sentence.

This court has no power to interfere with the judgment merely because it may entertain a reasonable doubt upon the evidence. The determination of that question is within the province of the jury. In People v. Taylor (138 N. Y. 398, 406), the court said: " If, in the judgment of this court, there was a rational doubt of the guilt of the defendant, it would not be a sufficient ground for reversal. Under our system of criminal jurisprudence it becomes the exclusive province of the jury

to determine whether the evidence pointing to the guilt of the accused is so lacking in convincing force as to leave an intelligent and discriminating mind in doubt as to the truth of the charge contained in the indictment. When the jury, by their verdict, have declared that no such condition of mental uncertainty has arisen from a contemplation of the evidence, the prisoner has had the full benefit of the rule of law which protects him from punishment, unless his crime is established beyond a reasonable doubt, and the question is not open for review in this court, unless the case is so weak that the verdict should be set aside because against the weight of evidence, or for other sufficient cause."

In People v. Shea (147 N. Y. 78, 98, 10 N. Y. Crim. 1), Judge Peckham said: "We are now asked to set that verdict aside upon the merits and to grant a new trial because justice requires it. We cannot do it. We are entirely satisfied that the jury have arrived at a just conclusion, although if we had a rational doubt on that subject, there being at the least a conflict in the evidence from which different inferences might be drawn, we should not feel at liberty to reverse the finding of the jury where such finding is not clearly against the weight of evidence and does not appear to have been influenced by any improper considerations. (People v. Taylor, 138 N. Y. 398.)"

In People v. Egnor (175 N. Y. 419, 425, 17 N. Y. Crim. 338), Judge Gray said: "The issue was for them [the jury] to decide and this court should not invade their province and interfere with their decision, because of doubts entertained upon the evidence."

In People v. Rodawald (177 N. Y. 408, 420), Judge Vann said: "If a reasonable doubt existed as to the defendant's guilt, or as to the degree of his guilt, it was for the jury to find it. Even if we should reach a different conclusion we must accept their verdict as rendered, for the Constitution and the law makes their judgment supreme under such circumstances.

(People v. Kelly, 113 N. Y. 647; People v. Hoch, 150 N. Y. 291.)"

The trial court charged: "It is only proper for me to remind the jury that the Court of Appeals has often called attention in cases of this kind to the necessity of admonishing the jury to be concerned only with the law and the facts in the case, to steel their minds against any prejudice against a defendant. * * * It is of great importance that justice be done, but justice should be administered in such a way as not to reflect any discredit on the State; and all elements of passion or prejudice should be so far eliminated that there can be no question of the wisdom of your judgment and the propriety of it. * * * Now as to the question of consent, that is a question of fact for the jury to determine, whether or not she consented. If she consented to this act of intercourse there was no crime." He proceeded to read from People v. Clemons (3 N. Y. Cr. Rep. 565, 568); People v. Bowles (Id. 447); People v. Dohring (59 N. Y. 386), and People v. Connor (126 id. 278), thus charging fully and completely as to the duty of resistance and the extent of such resistance required of the complainant.

There was no reversible error committed upon this trial. It was conducted fairly. The defendant had the benefit of all the rules of law instituted for his protection. Upon conflicting evidence, the jury rejected his story, as was their right, and resolved that he was guilty of the crime charged beyond a reasonable doubt. This court is not charged with the duty of resolving that question. The verdict, in my opinion, was not against the weight of evidence, and justice does not require a new trial.

The judgment should be affirmed.

INGRAHAM, P. J., and LAUGHLIN, J., concurred; McLAUGHLIN and MILLER, JJ., dissented.

McLaughlin, J. (dissenting):

The defendant appeals from a judgment of the Court of General Sessions of the county of New York, convicting him of the crime of rape in the first degree, for which he was sentenced to imprisonment in a State's prison for a term of not less than ten years nor more than nineteen years and six months.

He admits that he had intercourse with the complaining witness at the time stated in the indictment, but alleges that it was with her consent. The complaining witness was at the time between nineteen and twenty years of age, and engaged as a domestic in an apartment in a large building, there being several similar apartments on the same floor. The defendant was what is termed in the record an " elevator boy," engaged in operating one of the elevators. The record fails to disclose his age, but it may be inferred from a statement made by him at the time he was arraigned and pleaded to the indictment that he was somewhat younger.

The complaining witness testified that between three and four o'clock on the afternoon of December 5, 1911, while she was alone in the apartment, the bell to the front door rang, which she answered, and, on opening the door, she saw the defendant; that she took the chain off the door, and he came into the hall, gave her a letter, and asked her for a drink of whisky; that she thereupon took him to the kitchen and gave him a glass of it; that after he drank it he forcibly took her onto a bed in an adjoining bedroom and ravished her. She admitted, on cross-examination, that for three or four months previously she had sustained very intimate relations with the defendant; that he had frequently hugged, kissed and " wrestled " with her; that on four or five previous occasions while she was alone she had permitted him to enter the apartment, on two of which she had given him whisky, and on each of which he was in her room and in her bed. Her own lan-

guage is: "He was in my room; he was laying in my bed about five times; but he didn't do me anything."

Her testimony that on the occasion in question he used force, and she resisted, is not corroborated in any respect. She did not state that she attempted to make any outcry in going from the kitchen to the bedroom, not even then, until they were on the bed; and when asked what she then said to him, answered, "I told him to go to hell." She further stated that after he had accomplished his purpose and started to leave, "I called him back and I said 'I ain't going to tell this to my mistress;'" but she subsequently qualified this statement by saying that she told him she would tell her mistress, which she did soon after her return.

It is urged by the learned district attorney that there is some corroboration as to the resort to force, in the testimony of a physician to the effect that he had examined the complaining witness within five or six days after the occurrence, and discovered "black and blue marks on the skin of both thighs, on the inner parts." But there was nothing to connect such marks with any act of the defendant, the complaining witness not even mentioning them or claiming that she was injured by the defendant where they appeared.

The defendant, as already indicated, strenuously denied that he had resorted to force, or had had intercourse with the complaining witness against her will. He made no attempt to escape, and when arrested frankly admitted that the intercourse had taken place. While it may be true that there was a question of fact for the jury, nevertheless, I am of the opinion that, when all the testimony is considered, there is so much doubt about the defendant's guilt that the conviction ought not to be permitted to stand, but justice requires a new trial should be ordered. (Code Crim. Proc., § 527.) Sir Matthew Hale's statement in regard to the crime of rape has frequently been approved by the courts. He said: "It must be remembered

that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent." (1 Hale P. C. 635.) The statement is peculiarly applicable here, since the complaining witness is white and the defendant colored.

The judgment of conviction should therefore, be reversed and a new trial ordered.

MILLER, J., concurred.

Judgment affirmed.

---

## NOTE ON EVIDENCE IN PROSECUTIONS FOR RAPE

ADMISSIBILITY GENERALLY.

Hearsay inadmissible. Holleway v. State, 113 S. W. (Tex.) 198. Evidence of the finding of a hair ornament of the prosecutrix at the place of the alleged occurrence, held admissible. State v. Armstrong, 167 Mo. 267.

The testimony of the prosecutrix's father that on the night of the alleged rape he searched for her in town, and could not find her, held admissible to corroborate her testimony, where she located the place of the crime outside of the town. Knowles v. State, 44 Tex. Crim. 322.

Evidence of tracks and of signs of a struggle at the place of the alleged offense, or of the absence of such signs, held admissible, provided the locality is sufficiently identified. Roberts v. State, 122 Ala. 47.

In a prosecution for an assault with intent to ravish in a field of growing wheat, evidence that five or six weeks afterwards and also after harvest, an examination was made, and no signs of a struggle found, held inadmissible for remoteness. Ulrich v. People, 39 Mich. 245.

Held error to permit witnesses who had lived near defendant's home to testify that they had heard noises indicating distress at or near the house, when they could not testify as to who made the noises, or as to what they were about. Baker v. State, 82 Miss. 84.

In a prosecution for assault with intent to commit rape, defendant's question of prosecutrix as to her motive in examining the house to see if he had stolen anything held properly excluded. State v. Neal, 178 Mo. 63.

Where crime committed by accused on his own daughter, the only witness for the people, defendant may show by the evidence of other witnesses that the daughter had made similar charges against other men, though falsely, even though the daughter has denied, on cross-examination, that she made such charges.  People v. Evans, 72 Mich. 367.

Evidence that prosecutrix had desired, from the beginning, to settle the matter, held admissible.  Huff v. State, 106 Ga. 432.

Error to exclude evidence that the mother of the girl alleged to have been violated, agreed to drop the prosecution for a money consideration, she being a witness on the trial.  McMath v. State, 55 Ga. 303.

Held no error to reject testimony tending to show that the prosecutrix and her father had offered to discontinue the case for one hundred dollars, in the absence of any evidence to show an attempted extortion.  State v. McDevitt, 69 Iowa, 549.

A letter of prosecutrix's mother, to defendant, offering to hush up the matter for a consideration, held inadmissible.  State v. Knock, 142 Mo. 515.

Evidence, on cross-examination of prosecutrix, that her father was opposed to the prosecution, held inadmissible.    Wellborn v. State, 116 Ga. 522.

Anything that tends to show the motive of prosecutrix in instituting the prosecution, or to affect her credibility, held admissible.  Curby v. Territory, 4 Ariz. 371.

Where the case depended almost wholly on the evidence of the prosecutrix, and the proof was not very decided on the fact of assent, held error not to permit the defendant to ask prosecutrix upon cross-examination, whether she voluntarily made statements of the matter soon after it occurred, and whether she prosecuted defendant voluntarily or at the instigation of others.  Rogers v. People, 34 Mich. 345.

Immaterial evidence as to the relations existing between the defendant and the prosecutor and their situation, in so far as such evidence has any bearing on the guilt or innocence of the defendant, held inadmissible. Clymer v. Commonwealth, 64 S. W. (Ky.) 409.

Testimony that defendant was living apart from his wife held inadmissible.  Haulish v. Boller, 72 N. Y. App. Div. 559.

## SAME—AGE OF COMPLAINANT.

Where the mother of a prosecutrix under the age of consent testified to her age, and the prosecution refrained from offering further evidence of the fact on the assurance of defendant's counsel that no question was made that she was under the age of consent, it was held that the exclusion of evidence to discredit the mother was no ground for reversal. People v. Morris, 12 N. Y. Supp. 492.

Evidence held insufficient to show complaining witness to be under eighteen years of age. People v. Marks, 26 N. Y. Crim. 259.

## SAME—APPAREL OF DEFENDANT.

Defendant's hat, worn on occasion of commission of crime, held admissible against him. State v. Neal, 178 Mo. 63.

Blood stains considered, and in this case held too remote, and inadmissible. State v. Alton, 105 Minn. 410.

## SAME—BIRTH OF ISSUE.

The fact that a child was born 292 days after prosecutrix testified that defendant had intercourse with her, held not to discredit her testimony, although ordinary period of gestation is 270 to 290 days, where she testified to another act of sexual intercourse within 280 days of the birth. People v. Flaherty, 27 App. Div. 535.

Proof of the birth of a child eight months after the date of the commission of the crime set forth in the indictment, while evidence that a crime had been committed, is not evidence that defendant was guilty of the crime. People v. Robertson, 18 N. Y. Crim. 16.

## SAME—CHASTITY OF PROSECUTRIX.

General reputation for lack of chastity admissible. Brennan v. People, 7 Hun, 171.

While a witness as to character may, of his own motion, say in what respect the character of the person asked about is good or bad, the party introducing him can only interrogate him as to the general character of such person, and therefore defendants charged with rape cannot prove by their witness as to the character of the prosecutrix that such character was bad for virtue. State v. Hairston, 121 N. C. 579.

### SAME—CONDITION OF DEFENDANT.

Held admissible as part of the res gestæ. People v. Hosmer, 66 App. Div. 616.

Evidence of impotency or potency admissible. People v. Row, 135 Mich. 505.

Evidence of intoxication which would go to prove incapacity for committing crime charged, held admissible. Nugent v. State, 18 Ala. 521.

### SAME—CONDUCT OF ACCUSED.

Evidence of violent conduct of defendant in the presence of prosecutrix and immediately after the alleged rape, held admissible. Conkey v. People, 1 Abb. Dec. 418.

On a prosecution for sexual intercourse with a female under the age of consent it was competent to show that the defendant' altered a parish register so as to make it appear that the girl was over that age, and that after she became pregnant, he attempted to obtain custody of her by means of a forged letter. People v. Flaherty 27 App. Div. 535.

Evidence of previous solicitations by defendant held admissible to show the existence of a motive or passion. State v. Knapp, 45 N. H. 148.

Error to submit to the jury evidence that defendant had admitted that he "insulted the girl" as corroborative or prosecutrix's testimony, since there was no necessary legal connection between an insult and a felony. People v. Page, 14 N. Y. Crim. 513.

The mere failure of defendant to deny the declaration of the prosecutrix, made out of court, charging him with the crime, when repeated to him, cannot be shown as an admission corroborative of the testimony of the prosecutrix. People v. Page, 14 N. Y. Crim. 513.

### SAME—DECLARATIONS OF COMPLAINANT.

Not as a rule admissible, unless part of the res gestæ. People v. McGee, 1 Denio, 19.

Dying declarations identifying the defendant as the perpetrator of the crime, held not admissible. Johnson v. State, 50 Ala. 456.

Admissibility to show by complainant or others, in corroboration, that shortly after commission of alleged act, complaint was made, and to whom, under what circumstances, when, and where. Baccio v. People, 41 N. Y. 265.

But details thereof, unless part of the res gestæ, inadmissible. People v. McGee, 1 Denio, 19.

And particulars of complaint may be brought out by defendant on cross-examination. Conkey v. People, 1 Abb. Dec. 418.

Force of testimony as corroboration does not depend entirely on lapse of time between the commission of the act complained of and the complaint, but in connection with all the surrounding circumstances, the jury should consider it, such surrounding circumstances being intimidation, induced by threats, or lack of opportunity. Higgins v. People, 58 N. Y. 387.

Evidence of a disclosure made by a servant, alleged to have been raped by a priest, to another priest eleven months after the occurrence, the only excuse for the delay in making the disclosure being that the defendant told her that it was a sin to tell on a priest, and that she would go to hell if she did, is not admissible in confirmation of her testimony on the trial. People v. O'Sullivan, 104 N. Y. 481.

Failure to complain affects only credibility of prosecutrix, as to her evidence as to force and resistance, and such failure may be proved, for that purpose. Walter v. People, 50 Barb. 144.

And such failure may be explained. People v. Terwilliger, 74 Hun, 310.

Testimony of complainant as to remarks made by complainant in defendant's presence in connection with what took place between defendant and another girl upon another occasion, held inadmissible. People v. Davey, 18 N. Y. Crim. 528.

While the people may show that the victim complained of the occurrence, they cannot, on a direct examination either of the complainant or of the person to whom the complaint was made, prove the details of the complaint. People v. Freidman, 25 N. Y. Crim. 75.


SAME—DECLARATIONS OF OTHERS.

On a trial for statutory rape, evidence to support a theory that a person other than defendant was guilty was properly excluded as immaterial, where there was nothing in the case to pertinently connect such third person with the offense. Henard v. State, 47 Tex. Crim. 168.

Evidence as to declarations of third parties not in presence or hearing of defendant, held not admissible, except to contradict the prosecutrix or corroborate defendant's testimony. State v. Huff, 136 N. C. 679.

## SAME—FORCE.

May be shown by testimony of witnesses present at time, or by statements of prosecutrix made in defendant's presence. Woodin v. People, 1 Park. Crim. 464.

Or by direct testimony or circumstantial evidence, and all the circumstances attending the commission of the act, held admissible. Griffin v. State, 46 So. (Ala.) 41.

## SAME—GENERAL MORAL CHARACTER OF PROSECUTRIX.

Where, on cross-examination, the prosecutrix testified that she did not go with a man to a liquor shop, and afterwards accompany him to a lumber yard, and endeavor to get him to have carnal intercourse with her, held error to exclude evidence contradicting her and establishing such facts. Brennan v. People, 7 Hun, 171.

Want of chastity must be shown by general reputation, and not by proof of specific acts. People v. Jackson, 3 Park. Crim. 391.

But individual acts with defendant prior to the alleged crime, may be proved, as such evidence tends to prove consent. People v. Abbott, 19 Wend. 192.

Defendant cannot show, either by cross-examination of the woman or by other evidence, that she declared herself pregnant by other men. Commonwealth v. Regan, 105 Mass. 593.

The magistrate before whom a complaint is made cannot be called to state what the complaining witness stated to him as to her connection with other men, unless such inquiry is made for the purpose of showing a discrepancy in her testimony. People v. Abbott, 19 Wend. 192.

Proof of good character of prosecutrix admissible on behalf of the state, only when same has first been attacked. People v. Hulse, 3 Hill, 309.

## SAME—OTHER ACTS.

Proof that the defendant admitted that he had committed a like crime upon another daughter and had been convicted therefor, held inadmissible. People v. Bills, 23 N. Y. Crim. 188.

## SAME—SUBSEQUENT OFFENSES.

The admission of evidence that subsequent to the commission of the rape charged in the indictment, defendant committed another rape upon the same female, held error for which the judgment of conviction should be reversed. People v. Robertson, 18 N. Y. Crim. 16.

BURDEN OF PROOF.

Is on the State to prove every fact and circumstance essential to the guilt of the accused. Jeffers v. State, 20 Ohio Cir. Ct. 294.

Also upon the State to prove force and lack of consent. People v. McDonald, 9 Mich. 150.

But otherwise when the female is under the age of consent. State v. Smith, 9 Houst. (Del.) 588.

On the State to prove intent to use force and commit rape. Warren v. State, 51 Tex. Crim. 598.

Where female is under the age of consent, the burden is on the State to show that she was in fact under that age. State v. Deputy, 3 Pennew. (Del.) 19.

Where chastity of female, or ner good repute, is material to the issue. the State need not show it, but on the contrary the burden is upon the defendant to show her bad reputation or unchaste condition. Commonwealth v. Howe, 35 Pa. Sup. Ct. 534.

In Nebraska, it has been held that it is incumbent upon the State to show the accused to be over eighteen and the prosecutrix under that age, or, if she was over fifteen, then her previous state of chastity. George v. State, 61 Neb. 669.

Is on defendant to establish age, when defense is that he is under age where carnal acts possible. State v. McNair, 93 N. C. 628.

Where evidence of impotency is introduced by defendant, the burden of showing potency is upon the State. Jeffers v. State, 20 Ohio Cir. Ct. 294.

CORROBORATION.

Evidence examined, and held insufficient on account of lack of corroboration. People v. Mormon, 26 N. Y. Crim. 173.

Not necessary that prosecutrix be corroborated upon all material points of her testimony. People v. Terwilliger, 74 Hun, 310.

Corroborating evidence need not include testimony of an eye-witness of the act itself, or extend to everything said or done. People v. Adams, 72 App. Div. 166.

May be by circumstantial evidence. People v. Grauer, 12 App. Div. 464

Corroboration held sufficient.   People v. Biglizen, 112 App. Div. 225.

See also Note on Corroboration in Rape Cases, Vol. 24, p. 7, this Series.

PRESUMPTIONS.

Non-consent is presumed, in a prosecution for assault with intent to commit rape.   People v. Stamford, 2 Wheeler Crim. 153.

Where accused is under fourteen years of age, it will be presumed that he was incapable of committing rape.   Paine v. Commonwealth, 110 S. W. (Ky.) 311.

But this may be rebutted.   People v. Randolph, 2 Park. Crim. 174.

WEIGHT AND SUFFICIENCY—CARNAL KNOWLEDGE.

Proof of penetration, necessary to be proved beyond a reasonable doubt, may be made by direct or circumstantial evidence.   People v. Tench, 167 N. Y. 520.

SAME—FORCE, RESISTANCE AND LACK OF CONSENT.

Evidence held insufficient.   Walter v. People, 50 Barb. 144.

The sufficiency of the proof of force and resistance depends upon the surrounding circumstances.   People v. Connor, 126 N. Y. 278.

Evidence held sufficient.   People v. Connor, 126 N. Y. 278.

Failure to make outcry or complaint raises presumption of consent if prosecutrix had opportunity so to do, particularly if coupled with other circumstances tending to show consent.   Walter v. People, 50 Barb. 144.

But where there is other evidence of resistance, the failure to make outcry or complaint, held not sufficient ground for setting aside a verdict. Higgins v. People, 58 N. Y. 377.

For insufficient explanation of failure to make outcry or complaint, see Walter v. People, 50 Barb. 144.

Defendant may be guilty of improprieties both in speech and in act, even amounting to aggravated assault, but if there is no evidence of intent to overcome resistance with force it is insufficient to sustain a verdict.   People v. Kirwan, 22 N. Y. Supp. 160.